■ Sitigus Foods Corp., Doing Business as Mark Twain Diner, Respondent, v 72-02 Northern Blvd. Realty Corp. et al., Appellants. [740 NYS2d 219] —In an action to recover for property damage, the defendants appeal from an order of the Supreme Court, Queens County (LaTorella, J.), dated June 7, 2001, which granted the plaintiff's motion for leave to enter a judgment upon their failure to appear or answer.

Ordered that the order is reversed, on the law, and as a matter of discretion, with costs, and the motion is denied.

A court may excuse a default in answering upon a showing of a meritorious defense and a justifiable excuse for the default (*see* CPLR 5015 [a] [1]; *Miles v Blue Label Trucking,* 232 AD2d 382). The defendants satisfied this standard. The period of delay was minimal. While the defendants promptly sought an extension of time to answer, the plaintiff refused this request and instead immediately moved for leave to enter a judgment upon the defendants' failure to appear or answer (*see Buderwitz v Cunningham,* 101 AD2d 821). It is clear that the defendants acted diligently and never intended to abandon their defense.

Furthermore, under these circumstances, the defendants' assertion that any damage was caused by the allegedly negligent acts of an independent contractor constituted a sufficient showing of a meritorious defense (*see Dente v Staten Is. Univ. Hosp.,* 252 AD2d 534; *Mercado v Slope Assoc.,* 246 AD2d 581).

Prudenti, P.J., Florio, S. Miller, Friedmann and Adams, JJ., concur.