■ Stuart Finkelstein et al., Appellants, v David Sunshine et al., Respondents. [852 NYS2d 168]—

In an action, inter alia, to recover damages for breach of contract, the plaintiffs appeal from an order of the Supreme Court, Nassau County (McCormack, J.), dated February 13, 2007, which granted the motion of the defendants Tyree Company, Tyree Maintenance Co., Inc., and Stephen Tyree pursuant to CPLR 3012 (d) to extend the time to appear and answer and to compel the plaintiffs to accept a verified answer, and denied their cross motion for leave to enter a judgment on the issue of liability against the defendants.

Ordered that the order is affirmed, with costs.

The Supreme Court providently exercised its discretion in granting the motion of the defendants Tyree Company, Tyree Maintenance Co., Inc., and Stephen Tyree (hereinafter collectively Tyree) to extend their time to appear and answer and to compel the plaintiffs to accept their verified answer, which was served only one day late, and in denying the plaintiffs' cross motion for leave to enter a judgment on the issue of liability against the defendants. In view of the very short delay, the absence of any prejudice to the plaintiffs, the existence of a possible meritorious defense, the lack of willfulness on the part of Tyree, and the public policy in favor of resolving cases on the merits, Tyree's motion was properly granted (*see Jolkovsky v Legeman,* 32 AD3d 418 [2006]; *Rottenberg v Preferred Prop. Mgt., Inc.,* 22 AD3d 826 [2005]; *Kaiser v Delaney,* 255 AD2d 362 [1998]; *Robles v Grace Episcopal Church,* 192 AD2d 515 [1993]).

Furthermore, the defendant David Sunshine, who had been served with the summons and complaint pursuant to CPLR 308 (2), did not default in answering. Mastro, J.P., Santucci, Dillon and Angiolillo, JJ., concur.