■ NECHUMA KLUGHAUPT, Appellant, v HI-TOWER CONTRACTORS, INC., Defendant, and LYNCH PARK, LLC, Respondent. [882 NYS2d 313]—

In an action to recover damages for personal injuries, the

plaintiff appeals from an order of the Supreme Court, Kings County (Miller, J.), dated November 17, 2008, which denied her motion for leave to enter a default judgment against the defendant Lynch Park, LLC, and granted that defendant's cross motion to vacate its default in answering and for leave to serve a late answer.

Ordered that the order is affirmed, with costs.

The Supreme Court providently exercised its discretion in denying the plaintiff's motion for leave to enter a default judgment against the defendant Lynch Park, LLC (hereinafter Lynch Park), and in granting Lynch Park's cross motion to vacate its default in answering and for leave to serve a late answer (*see* CPLR 5015). Considering the lack of any prejudice to the plaintiff as a result of the relatively short three-week delay in serving an answer, the existence of a potentially meritorious defense, and the public policy favoring the resolution of cases on the merits, the Supreme Court properly excused the de minimis delay in answering (*see Schonfeld v Blue & White Food Prods. Corp.*, 29 AD3d 673 [2006]; *Yonkers Rib House, Inc. v 1789 Cent. Park Corp.*, 19 AD3d 687 [2005]; *Trimble v SAS Taxi Co. Inc.*, 8 AD3d 557 [2004]; *see e.g. Perez v Linshar Realty Corp.*, 259 AD2d 532 [1999]; *Swidler v World-Wide Volkswagen Corp.*, 85 AD2d 239 [1982]; *cf. Leifer v Pilgreen Corp.*, 62 AD3d 759 [2009] [10-month delay in moving to vacate default in answering or appearing, with no meritorious defense, does not warrant vacatur of default]). Skelos, J.P., Florio, Balkin, Belen and Austin, JJ., concur.