■ DANIEL COVACI et al., Appellants, v WHITESTONE CON-STRUCTION CORP., Respondent. [911 NYS2d 652]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Sampson, J.), dated October 8, 2009, which denied their motion for leave to enter a judgment against the defendant upon the defendant's failure to appear or answer and granted the defendant's cross motion pursuant to CPLR 3012 (d) to compel them to accept a late answer.

Ordered that the order is affirmed, with costs.

The Supreme Court providently exercised its discretion in denying the plaintiffs' motion for leave to enter a judgment against the defendant upon its failure to appear or answer, and in granting the defendant's cross motion to compel the plaintiffs to accept its late answer (see CPLR 2004, 3012 [d]). Four days after the time to serve an answer had expired, the defendant requested an extension of time from the plaintiffs to serve an answer, and the defendant promptly moved to vacate its default after the request was declined (see Sitigus Foods Corp. v 72-02 N. Blvd. Realty Corp., 293 AD2d 597 [2002]; Buderwitz v Cunningham, 101 AD2d 821, 822 [1984]). In light of the lack of prejudice to the plaintiffs as a result of the relatively short 25-day delay in serving an answer, the existence of a potentially meritorious defense, the lack of willfulness on the part of the defendant, and the public policy favoring the resolution of cases on the merits, the Supreme Court providently excused the de minimis delay in answering (see Klughaupt v Hi-Tower Contrs., Inc., 64 AD3d 545, 546 [2009]; Finkelstein v Sunshine, 47 AD3d 882 [2008]; Schonfeld v Blue & White Food Prods. Corp., 29 AD3d 673 [2006]). Fisher, J.P., Dillon, Balkin, Chambers and Sgroi, JJ., concur.