The Supreme Court providently exercised its discretion in denying that branch of the plaintiff’s motion which was for leave to enter a judgment against the defendant Tick Tock Boutique, Inc. (hereinafter Tick Tock), upon its default in appearing or answering, and in granting Tick Tock’s cross motion, in effect, to vacate its default and to compel the plaintiff to accept its late answer (see CPLR 2004, 3012 [d]). While Tick Tock promptly sought an extension of time to answer, the plaintiff ignored this request and instead moved for leave to enter a judgment against Tick Tock upon its failure to appear or answer. Thereafter, less than two months after its time to answer had expired, Tick Tock served an answer. Tick Tock acted diligently and never intended to abandon its defense or counterclaim (see Covaci v Whitestone Constr. Corp., 78 AD3d 1108 [2010]; Sitigus Foods Corp. v 72-02 N. Blvd. Realty Corp., 293 AD2d 597 [2002]; Buderwitz v Cunningham, 101 AD2d 821, 823 [1984]). Moreover, in light of the lack of prejudice to the plaintiff resulting from the short delay in serving an answer, the lack of willfulness on the part of Tick Tock, the existence of a potentially meritorious defense, and the public policy favoring the resolution of cases on the merits, that branch of the plaintiffs motion which was for leave to enter judgment on the issue of liability against Tick Tock was providently denied (see CPLR 2004; *713 Klughaupt v Hi-Tower Contrs., Inc., 64 AD3d 545, 546 [2009]; Finkelstein v Sunshine, 47 AD3d 882 [2008]; Stuart v Kushner, 39 AD3d 535, 536 [2007]; Schonfeld v Blue & White Food Prods. Corp., 29 AD3d 673, 674 [2006]), and Tick Tock’s cross motion, inter alia, to compel the plaintiff to accept its late answer was providently granted (see CPLR 3012 [d]).
The plaintiffs remaining contention is without merit. Dillon, J.P, Balkin, Belen and Austin, JJ., concur.