■ Thomas Vellucci, Appellant, v Home Depot U.S.A., Inc., Respondent. [957 NYS2d 874]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Hart, J.), dated May 25, 2012, as denied his motion for leave to enter a judgment on the issue of liability against the defendant, upon its default in appearing or answering, and granted that branch of the defendant's cross motion which was, in effect, to vacate its default in appearing or answering and pursuant to CPLR 3012 (d) to compel the plaintiff to accept its late answer.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court providently exercised its discretion in denying the plaintiff's motion for leave to enter a judgment against the defendant, upon its default in appearing or answering, and in granting that branch of the defendant's cross motion which was, in effect, to vacate its default and to compel the plaintiff to accept its late answer (*see* CPLR 2004, 3012 [d]). While the defendant promptly sought an extension of time to answer, the plaintiff ignored this request and instead moved for leave to enter a judgment against the defendant upon its failure to appear or answer. Thereafter, less than one month after its time to answer had expired, the defendant served an answer. The defendant acted diligently and never intended to abandon its defense (*see Arias v First Presbyt. Church in Jamaica*, 97

AD3d 712, 712 [2012]; *Covaci v Whitestone Constr. Corp.*, 78 AD3d 1108, 1108 [2010]; *Sitigus Foods Corp. v 72-02 N. Blvd. Realty Corp.*, 293 AD2d 597, 597 [2002]). In light of the lack of prejudice to the plaintiff resulting from the defendant's short delay in serving an answer, the lack of willfulness on the part of the defendant, the existence of a potentially meritorious defense, and the public policy favoring the resolution of cases on the merits, the Supreme Court providently exercised its discretion in denying the plaintiff's motion for leave to enter judgment on the issue of liability against the defendant (*see* CPLR 2004; *Zeccola & Selinger, LLC v Horowitz*, 88 AD3d 992, 993 [2011]; *Feder v Eline Capital Corp.*, 80 AD3d 554, 555 [2011]; *Covaci v Whitestone Constr. Corp.*, 78 AD3d at 1108; *Klughaupt v Hi-Tower Contrs., Inc.*, 64 AD3d 545, 546 [2009]), and in granting that branch of the defendant's cross motion which was, inter alia, to compel the plaintiff to accept its late answer (*see* CPLR 3012 [d]).

The defendant's remaining contention is without merit. Rivera, J.P., Dickerson, Leventhal and Lott, JJ., concur.