■ Frimet Fisch et al., Appellants, v Moshe Gold, Defendant, and Chesed Vemes et al., Respondents. [972 NYS2d 581]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from so much of an order of the Supreme Court, Kings County (Spodek, J.), dated October 25, 2011, as denied their motion for leave to enter judgment against the defendant Chesed Vemes, upon its default in appearing or answering the complaint, denied that branch of their separate motion which was for leave to enter judgment against the defendant Private One of New York, LLC, upon its default in appearing or answering the complaint, and granted the separate cross motions of those defendants to vacate their defaults and to compel the plaintiffs to accept service of their respective answers.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

Contrary to the plaintiffs' contention, the Supreme Court providently exercised its discretion in denying that branch of their motion which was for leave to enter a default judgment against the defendant Private One of New York, LLC (hereinafter Private One), and their motion for leave to enter a default judgment against the defendant Chesed Vemes, and in granting the separate cross motions of those defendants to vacate their defaults and to compel the plaintiffs to accept service of their respective answers. Private One and Chesed Vemes demonstrated that they had reasonable explanations for their defaults and potentially meritorious defenses to the action. Additionally, their delays in answering were brief and did not prejudice the plaintiffs, there was no pattern of neglect or intent to abandon their defenses, and public policy favors the resolution of cases on the merits. Upon consideration of all of the foregoing factors, we discern no basis for disturbing the Supreme Court's discretionary determination (*see Vellucci v Home Depot U.S.A., Inc.*, 102 AD3d 767, 767-768 [2013]; *PDK Labs, Inc. v G.M.G. Trans W. Corp.*, 101 AD3d 970, 972 [2012]; *NYU-Hospital for Joint Diseases v Praetorian Ins. Co.*, 98 AD3d 1101, 1102 [2012]; *Zeccola & Selinger, LLC v Horowitz*, 88 AD3d 992, 993 [2011]). Mastro, J.P., Skelos, Balkin and Leventhal, JJ., concur.