■ EHS Quickstops Corp. et al., Appellants, v GRJH, Inc., Respondent. [976 NYS2d 171]—

In an action to recover money had and received, the plaintiffs appeal (1) from an order of the Supreme Court, Dutchess County (DiBella, J.), dated March 28, 2012, which denied their motion for leave to enter a judgment against the defendant upon the defendant's failure to appear or answer, and granted the defendant's cross motion pursuant to CPLR 2004 and 3012 to compel them to accept a late answer, and (2), as limited by their brief, from so much of an order of the same court dated December 31, 2012, as, upon renewal and reargument, adhered to the original determination.

Ordered that the appeal from the order dated March 28, 2012, is dismissed, as that order was superseded by the order dated December 31, 2012, made upon renewal and reargument; and it is further,

Ordered that the order dated December 31, 2012, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The Supreme Court, upon renewal and reargument, properly adhered to its original determination denying the plaintiffs' motion for leave to enter a judgment against the defendant upon the defendant's failure to appear or answer, and granting the

defendant's cross motion to compel the plaintiffs to accept its late answer (*see* CPLR 2004, 3012 [d]). Less than two months after the time to serve an answer had expired, the defendant appeared, requested an extension of time from the plaintiffs to serve an answer, and promptly moved to vacate its default after the answer was rejected (*see Covaci v Whitestone Constr. Corp.*, 78 AD3d 1108 [2010]; *Sitigus Foods Corp. v 72-02 N. Blvd. Realty Corp.*, 293 AD2d 597 [2002]; *Buderwitz v Cunningham*, 101 AD2d 821, 822 [1984]). Contrary to the plaintiffs' contention, there was no showing that the defendant willfully or deliberately ignored notice of the summons and complaint, which had been sent by certified mail, return receipt requested, and was returned to the Secretary of State as "unclaimed." The defendant's president denied receiving notice of the certified mail, and there is no evidence that the defendant was on notice of the fact that there was an incomplete address on file with the Secretary of State (*see Grosso v MTO Assoc. Ltd. Partnership*, 12 AD3d 402, 403 [2004]; *Samet v Bedford Flushing Holding Corp.*, 299 AD2d 404, 405 [2002]; *Santiago v Sansue Realty Corp.*, 243 AD2d 622, 623 [1997]). In light of the lack of prejudice to the plaintiffs resulting from the short delay in serving an answer, the lack of willfulness on the part of the defendant, the existence of a potentially meritorious defense, and the public policy favoring the resolution of cases on the merits, upon renewal and reargument, the court properly adhered to its original determination denying the plaintiffs' motion for leave to enter judgment against the defendant, and granting the defendant's cross motion to compel the plaintiffs to accept its late answer (*see* CPLR 2004, 3012 [d]; *Arias v First Presbyt. Church in Jamaica*, 97 AD3d 712 [2012]; *Klughaupt v Hi-Tower Contrs., Inc.*, 64 AD3d 545, 546 [2009]; *Finkelstein v Sunshine*, 47 AD3d 882 [2008]). Skelos, J.P., Dickerson, Lott and Austin, JJ., concur.