In an action to recover damages, inter alia, for medical malpractice and wrongful death, the plaintiff appeals from an order of the Supreme Court, Kings County (Knipel, J.), dated September 7, 2012, which denied her motion pursuant to CFLR 3215 for leave to enter judgment on the issue of liability against the defendant Brooklyn Nephrology Group, EC., upon its failure to appear or answer, and granted the cross motion of the defendant Brooklyn Nephrology Group, EC., to deem its late answer timely served nunc pro tunc.
Ordered that the order is affirmed, with costs.
Within 20 days after the time to serve an answer had expired, the defendant Brooklyn Nephrology Group, EC. (hereinafter the respondent), requested from the plaintiffs attorney an extension of time to serve an answer, thereafter served an answer, and promptly moved to vacate its default after the answer was rejected (see EHS Quickstops Corp. v GRJH, Inc., 112 AD3d 577 [2013]; Covaci v Whitestone Constr. Corp., 78 AD3d 1108 [2010]; Sitigus Foods Corp. v 72-02 N. Blvd. Realty Corp., 293 AD2d 597 [2002]; Buderwitz v Cunningham, 101 AD2d 821, 822 [1984]). Since the plaintiff was not prejudiced by the short delay in the service of an answer, and in light of the lack of willfulness on the part of the respondent, the existence of a potentially meritorious defense, and the public policy favoring the resolution of cases on the merits, the Supreme Court providently exercised its discretion in denying the plaintiffs motion pursuant to CFLR 3215 for leave to enter judgment against the respondent on the issue of liability and granting the respondent’s cross motion to deem its late answer timely served nunc pro tunc (see CFLR 2004, 3012 [d]; Fried v Jacob Holding, Inc., 110 AD3d 56, 60 [2013]; Darlind Constr., Inc. v Prism Solar Tech., Inc., 109 AD3d 783 [2013]; Harcztark v Drive Variety, Inc., 21 AD3d 876, 876-877 [2005]; Daniels v Bovis Lend Lease, Inc., 12 AD3d 342, 343 [2004]; Leogrande v Glass, 106 AD2d 431, 433 [1984]).
Skelos, J.E, Leventhal, Cohen, LaSalle and Barros, JJ., concur.