■ JERMAIN YOUTH et al., Appellants, v SHAINE GRANT, Respondent. [2 NYS3d 906]—

In an action to recover damages for personal injuries, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Greco, Jr., J.), entered September 15, 2014, as granted those branches of the defendant's motion which were (a) to vacate a prior order of the same court dated June 10, 2014, granting their unopposed motion for leave to enter judgment on the issue of liability against the defendant, upon his failure to appear or answer, and (b) to compel them to accept the defendant's late answer.

Ordered that the order entered September 15, 2014, is affirmed insofar as appealed from, with costs.

Under the circumstances of this case, the Supreme Court providently exercised its discretion in granting those branches of the defendant's motion which were to vacate his default in

appearing or answering (see CPLR 5015 [a] [1]), and to compel the plaintiffs to accept his late answer (see CPLR 2004, 3012 [d]). The defendant demonstrated that he had a reasonable excuse for his default and a potentially meritorious defense to the action (see Fisch v Gold, 109 AD3d 870, 871 [2013]; Vellucci v Home Depot U.S.A., Inc., 102 AD3d 767, 767-768 [2013]). In addition, the delay in answering was only 19 days and did not prejudice the plaintiffs, there was no willfulness on the part of the defendant, and public policy favors cases being resolved on the merits (see Grammas v Lockwood Assoc., LLC, 107 AD3d 947, 947-948 [2013]; Vinny Petulla Contr. Corp. v Ranieri, 94 AD3d 751, 752 [2012]; Feder v Eline Capital Corp., 80 AD3d 554, 555 [2011]). Furthermore, the defendant acted diligently and never intended to abandon his defense (see Fisch v Gold, 109 AD3d at 871; Vellucci v Home Depot U.S.A., Inc., 102 AD3d at 767). Skelos, J.P., Sgroi, Maltese and Duffy, JJ., concur.