In the Matter of SHIVANT KUMAR, Respondent, v MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Appellant. [32 NYS3d 190]—

In a proceeding pursuant to Insurance Law § 5218 (c) for leave to commence an action against the Motor Vehicle Accident Indemnification Corporation, the Motor Vehicle Accident Indemnification Corporation appeals from an order of the Supreme Court, Queens County (Hart, J.), entered September 4, 2014, which denied its motion pursuant to CPLR 5015 (a) to vacate an order of the same court entered January 14, 2014, granting the petition upon its failure to answer the petition.

Ordered that the order entered September 4, 2014, is reversed, on the law and in the exercise of discretion, with costs, and the motion of the Motor Vehicle Accident Indemnification Corporation pursuant to CPLR 5015 (a) to vacate the order entered January 14, 2014, is granted.

On July 21, 2012, the petitioner allegedly was injured when, while riding his bicycle in Queens, he was struck by an unidentified motor vehicle that fled the scene. On June 13, 2013, the petitioner commenced this proceeding pursuant to Insurance Law § 5218 (c) for leave to commence an action against the Motor Vehicle Accident Indemnification Corporation (hereinafter MVAIC). On June 25, 2013, MVAIC served an affirmation in opposition to the petition. In an order entered January 14, 2014 (hereinafter the default order), the Supreme Court granted the petition, noting that there was no opposition.

By notice of motion dated March 3, 2014, MVAIC moved pursuant to CPLR 5015 (a) to vacate the default order, arguing

that it did not default in answering the petition and that it had a potentially meritorious defense. In a supporting affirmation, MVAIC's attorney stated that the affirmation in opposition to the petition was filed with the Supreme Court on June 26, 2013, and that an attorney representing MVAIC appeared in court on August 5, 2013, where the petition and affirmation in opposition were marked submitted. The Supreme Court denied MVAIC's motion. MVAIC appeals.

The Supreme Court improvidently exercised its discretion in denying MVAIC's motion to vacate the default order. MVAIC's belief that it had filed an affirmation in opposition to the petition and that the proceeding had been marked submitted on August 5, 2013, constituted a reasonable excuse for its default (see CPLR 2005; Brinson v Pod, 129 AD3d 1005, 1009 [2015]). There is no evidence that MVAIC's default was willful, MVAIC expeditiously moved to vacate its default subsequent to receiving notice of entry of the default order, and there is no evidence of any prejudice to the petitioner. Furthermore, MVAIC demonstrated a potentially meritorious defense to the proceeding (see Insurance Law §§ 5202 [b]; 5208 [a] [2] [A]; 5218 [c]; Matter of Hernandez v Motor Veh. Acc. Indem. Corp., 120 AD3d 1347, 1349 [2014]; Matter of Pagan v Motor Veh. Acc. Indem. Corp., 82 AD3d 1102, 1103 [2011]). Accordingly, the Supreme Court should have granted MVAIC's motion to vacate the default order. Balkin, J.P., Roman, Maltese and Connolly, JJ., concur.