■ In the Matter of Terence Gasby, Respondent, v New York City Housing Authority/Walt Whitman Houses, Appellant. [37 NYS3d 567]—

In a proceeding pursuant to CPLR article 78 to review a determination of the New York City Housing Authority dated January 22, 2014, the New York City Housing Authority appeals from an order of the Supreme Court, Kings County (Edwards, J.), dated June 19, 2015, which denied that branch of its motion which was pursuant to CPLR 5015 (a) (1) to vacate an order of the same court dated March 9, 2015, entered upon its failure to answer the petition.

Ordered that on the Court's own motion, the notice of appeal from the order is deemed to be an application for leave to ap-

peal, and leave to appeal is granted (see CPLR 5701 [c]); and it is further,

Ordered that the order is reversed, on the law and in the exercise of discretion, and that branch of the motion of the New York City Housing Authority which was pursuant to CPLR 5015 (a) (1) to vacate the order dated March 9, 2015, is granted; and it is further,

Ordered that one bill of costs is awarded to the New York City Housing Authority.

In January 2014, the New York City Housing Authority (hereinafter NYCHA) adopted the recommendation of a hearing officer, which denied the petitioner's grievance challenging the denial of his request to succeed to the lease of his late grandmother's apartment as a remaining family member. In September 2014, the petitioner commenced this proceeding pursuant to CPLR article 78 to review NYCHA's determination. NYCHA timely served a motion pursuant to CPLR 3211 (a) (5) and 7804 (f) to dismiss the proceeding as time-barred, and submitted the motion to the Supreme Court. However, counsel for NYCHA did not properly file the motion.

In an order dated March 9, 2015, the Supreme Court granted the petition based on NYCHA's failure to file an answer or motion. Thereafter, NYCHA moved, inter alia, pursuant to CPLR 5015 (a) (1) to vacate the order dated March 9, 2015, entered upon its failure to answer the petition. In an order dated June 19, 2015, the Supreme Court denied that branch of NYCHA's motion. We reverse.

A party seeking to vacate a default in appearing or in answering a petition must demonstrate a reasonable excuse for the default and a potentially meritorious defense to the petition (see CPLR 5015 [a] [1]; Matter of Kumar v Motor Veh. Acc. Indem. Corp., 139 AD3d 731 [2016]; Matter of Nieto, 70 AD3d 831, 832 [2010]). Here, NYCHA demonstrated a reasonable excuse for its default. Although NYCHA's counsel failed to properly file NYCHA's motion with the Supreme Court, counsel timely served the motion papers upon the petitioner and provided the motion to the court, and the mistake with respect to the filing of the motion was inadvertent (see Matter of Kumar v Motor Veh. Acc. Indem. Corp., 139 AD3d at 732; Brinson v Pod, 129 AD3d 1005, 1009 [2015]). Furthermore, NYCHA expeditiously moved to vacate its default, and there is no evidence of any prejudice to the petitioner. Moreover, NYCHA demonstrated a potentially meritorious defense to the petition (see Matter of Richardson v New York City Hous. Auth., 89 AD3d 1091, 1092 [2011]). Accordingly, the court should have

granted that branch of NYCHA's motion which was pursuant to CPLR 5015 (a) (1) to vacate the order dated March 9, 2015. Dillon, J.P., Roman, Miller and LaSalle, JJ., concur.