Allstate Ins. Co. v North Shore Univ. Hosp. (2018 NY Slip Op 05268)





Allstate Ins. Co. v North Shore Univ. Hosp.


2018 NY Slip Op 05268


Decided on July 18, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 18, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
ROBERT J. MILLER
JOSEPH J. MALTESE, JJ.


2016-12913
 (Index No. 600593/15)

[*1]Allstate Insurance Company, respondent, 
v
North Shore University Hospital, etc., appellant.


Russell Friedman, Lake Success, NY (Dara C. Goodman of counsel), for appellant.
Peter C. Merani, P.C., New York, NY (Eric M. Wahrburg of counsel), for respondent.



DECISION & ORDER
In an action pursuant to Insurance Law § 5106(c) for a de novo determination of claims for no-fault insurance benefits, the defendant appeals from an order of the Supreme Court, Nassau County (James P. McCormack, J.), entered October 19, 2016. The order denied the defendant's motion pursuant to CPLR 5015(a)(1) to vacate its default in answering the complaint and pursuant to CPLR 2004 and 3012(d) to extend its time to answer the complaint.
ORDERED that the order is reversed, on the facts and in the exercise of discretion, with costs, and the defendant's motion pursuant to CPLR 5015(a)(1) to vacate its default in answering the complaint and pursuant to CPLR 2004 and 3012(d) to extend its time to answer the complaint is granted.
This action pursuant to Insurance Law § 5106(c) for a de novo determination of claims for no-fault insurance benefits arises from a motor vehicle accident that occurred on July 28, 2013. Jude M. Blanc allegedly was injured in the accident, and he underwent hip surgery at the defendant hospital. The defendant submitted a claim to the plaintiff insurer for no-fault benefits for the surgery and related care. The plaintiff denied the claim.
The defendant submitted the matter to arbitration. The arbitrator determined that the defendant was entitled to no-fault compensation in the amount of $16,134.83, plus interest and attorney's fees. The plaintiff appealed the award to a master arbitrator, who affirmed the award.
On January 29, 2015, the plaintiff commenced this action pursuant to Insurance Law [*2]§ 5106(c) for a de novo determination of the defendant's claims for recovery of no-fault benefits. The plaintiff then moved for leave to enter a default judgment because the defendant failed to timely appear or answer the complaint. In an order entered April 21, 2015, the Supreme Court granted the plaintiff's motion for leave to enter a default judgment. On June 8, 2015, the court entered a default judgment.
In July 2016, the defendant moved pursuant to CPLR 5015(a)(1) to vacate its default, and pursuant to CPLR 2004 and 3012(d) to extend its time to answer the complaint. In an order entered October 19, 2016, the Supreme Court denied the motion, and the defendant appeals.
The defendant's motion was timely made (see CPLR 5015[a][1]; 2103[b][2]). A defendant seeking to vacate a default pursuant to CPLR 5015(a)(1) on the ground of excusable default must demonstrate a reasonable excuse for the default and a potentially meritorious defense to the action (see CPLR 5015[a][1]; Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138, 141; EMC Mtge. Corp. v Toussaint, 136 AD3d 861, 862; Lane v Smith, 84 AD3d 746, 748). Here, the defendant demonstrated a reasonable excuse for its default and a potentially meritorious defense to the action (see CPLR 5015[a][1]; Matter of Williams v Williams, 148 AD3d 917, 918; Matter of Gasby v New York City Hous. Auth./Walt Whitman Houses, 142 AD3d 1018, 1019; Youth v Grant, 126 AD3d 893, 893). Furthermore, the plaintiff did not assert before the Supreme Court that the defendant's delay in answering resulted in prejudice, the record does not reflect that the defendant acted willfully, and public policy favors resolution on the merits (see Matter of Gasby v New York City Hous. Auth./Walt Whitman Houses, 142 AD3d at 1019; Youth v Grant, 126 AD3d at 894; Curran v Graf, 13 AD3d 409).
Accordingly, the Supreme Court improvidently exercised its discretion in denying the defendant's motion pursuant to CPLR 5015(a)(1) to vacate its default in answering the complaint and pursuant to CPLR 2004 and 3012(d) to extend its time to answer the complaint.
CHAMBERS, J.P., AUSTIN, MILLER and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court