Settles v OneWest Bank, FSB (2020 NY Slip Op 05069)





Settles v OneWest Bank, FSB


2020 NY Slip Op 05069


Decided on September 23, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
SHERI S. ROMAN
FRANCESCA E. CONNOLLY, JJ.


2017-03530
 (Index No. 1317/15)

[*1]Cynthia Settles, appellant, 
v
OneWest Bank, FSB, et al., respondents, et al., defendants.


Cynthia Settles, Garnerville, NY, appellant pro se.
Duane Morris LLP, New York, NY (Robert J. Brener of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to quiet title to real property, the plaintiff appeals from an order of the Supreme Court, Rockland County (Robert M. Berliner, J.), entered February 2, 2017. The order, insofar as appealed from, denied the plaintiff's motion for leave to enter a default judgment against the defendants OneWest Bank, FSB, and Federal Home Loan Mortgage Corp., upon their failure to appear or answer the complaint, and granted those defendants' cross motion, in effect, to vacate their default and to compel the plaintiff to accept service of their late answer.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In July 2010, OneWest Bank, FSB (hereinafter OneWest), commenced an action against Cynthia Settles, among others, to foreclose a mortgage on residential property located in Garnerville (hereinafter the premises). The Supreme Court granted OneWest's motion for leave to enter a default judgment against Settles, and entered an order of reference in foreclosure, appointing a referee to ascertain and compute the amount due to OneWest on the note and mortgage related to the premises and to determine whether the premises could be sold in parcels. Thereafter, Settles moved to vacate her default in appearing in the foreclosure action or answering that complaint and OneWest moved for a judgment of foreclosure and sale. The court denied Settles's motion to vacate her default, and granted OneWest's motion for a judgment of foreclosure and sale. The judgment of foreclosure and sale was entered thereafter. Settles then moved, in effect, to vacate the judgment of foreclosure and sale. In an order dated January 23, 2014, the court denied Settles's motion, and the premises were subsequently sold.
In July 2015, Settles commenced this action against, among others, OneWest and Federal Home Loan Mortgage Corp. (hereinafter together the defendants), inter alia, pursuant to RPAPL article 15 to quiet title to the premises. Settles alleged in the complaint, among other things, that in March 2015, she validly rescinded the mortgage loan pursuant to the Federal Truth in Lending Act (15 USC § 1601 et seq.). Thereafter, Settles moved pursuant to CPLR 3215(a) for leave to enter a default judgment against the defendants based upon their failure to appear or answer the complaint. The defendants opposed the motion and, in effect, cross-moved to vacate their default and to compel Settles to accept service of their late answer. In an order entered February 2, 2017, the Supreme Court, inter alia, denied Settles's motion and granted the defendants' cross motion. Settles appeals.
While the defendants promptly sought an extension of time to answer, Settles declined to grant them an extension and moved for leave to enter a default judgment against them. Thereafter, less than two months after their time to answer had expired, the defendants served an answer upon Settles and subsequently cross-moved, in effect, to vacate their default and to compel Settles to accept their late answer. The defendants acted diligently and never intended to abandon their defense (see Spence v Davis, 139 AD3d 703, 704; Vellucci v Home Depot U.S.A., Inc., 102 AD3d 767, 767; Arias v First Presbyt. Church in Jamaica, 97 AD3d 712, 712; Covaci v Whitestone Constr. Corp., 78 AD3d 1108, 1108). Furthermore, in light of the absence of prejudice to Settles resulting from the defendants' relatively short delay in serving an answer, the lack of willfulness on the part of the defendants, the existence of a potentially meritorious defense, and the public policy favoring the resolution of cases on the merits, the Supreme Court providently exercised its discretion in denying Settles's motion for leave to enter a default judgment against the defendants (see CPLR 2004; Vellucci v Home Depot U.S.A., Inc., 102 AD3d at 767; Arias v First Presbyt. Church in Jamaica, 97 AD3d at 712; Covaci v Whitestone Constr. Corp., 78 AD3d at 1108), and in granting the defendants' cross motion, in effect, to vacate their default and to compel Settles to accept service of their late answer (see CPLR 3012[d]).
BALKIN, J.P., AUSTIN, ROMAN and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court