Hoffman v 461 Arlington Props., LLC (2021 NY Slip Op 04122)





Hoffman v 461 Arlington Props., LLC


2021 NY Slip Op 04122


Decided on June 30, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 30, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
COLLEEN D. DUFFY
ANGELA G. IANNACCI
PAUL WOOTEN, JJ.


2018-14671
 (Index No. 613912/17)

[*1]Michael Hoffman, et al., appellants, 
v
461 Arlington Properties, LLC, et al., defendants, Reed Renovations Corp., respondent.

 

Stagg, Terenzi, Confusione & Wabik, LLP, Garden City, NY (Thomas E. Stagg and Solomon Abramov of counsel), for respondent.
Victor M. Serby, Woodmere, NY, for appellants.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Leonard D. Steinman, J.), entered November 21, 2018. The order denied the plaintiffs' motion, among other things, for leave to enter a default judgment against the defendant Reed Renovations Corp. and granted that defendant's cross motion to compel the plaintiffs to accept its late answer.
ORDERED that the order is affirmed, with costs.
In December 2017, the plaintiffs commenced this action, inter alia, to recover damages for breach of contract against, among others, the defendant Reed Renovations Corp. (hereinafter the defendant). The plaintiffs alleged, among other things, that the defendant failed to adequately repair defects in their property as required under the defendant's contract with the seller of the property. In lieu of answering the complaint, the defendant moved pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against it. The defendant failed to timely answer the complaint within 10 days of being served with a copy of the order denying its motion to dismiss (see CPLR 3211[f]).
Thereafter, the plaintiffs moved, inter alia, for leave to enter a default judgment against the defendant, and the defendant cross-moved to compel the plaintiffs to accept its late answer. In an order entered November 21, 2018, the Supreme Court denied the plaintiff's motion and granted the defendant's cross motion. The plaintiffs appeal.
"In order to avoid the entry of a default judgment, a defendant who has failed to appear or answer the complaint must provide a reasonable excuse for the default and demonstrate a potentially meritorious defense to the action" (Jong Gwon Kim v Strippoli, 144 AD3d 982, 983). Similarly, "[a] defendant who has failed to timely answer a complaint and who seeks leave to file a late answer must provide a reasonable excuse for the delay and demonstrate a potentially meritorious defense to the action" (Green Tree Servicing, LLC v Weiss, 180 AD3d 654, 655 [internal quotation marks omitted]). "The determination of what constitutes a reasonable excuse lies within the Supreme Court's discretion" (Gershman v Ahmad, 131 AD3d 1104, 1105). "In making that [*2]discretionary determination, the court should consider relevant factors, such as the extent of the delay, prejudice or lack of prejudice to the opposing party, whether there has been willfulness, and the strong public policy in favor of resolving cases on the merits" (Moore v Day, 55 AD3d 803, 804).
Here, given the totality of all relevant factors, including the less than two-month delay between when the defendant's time to answer expired and when the defendant attempted to serve an answer, the lack of any evidence of willfulness by the defendant or prejudice to the plaintiffs by the delay, and the strong public policy in favor of resolving cases on the merits, the Supreme Court providently exercised its discretion in excusing the defendant's delay in serving its answer (see P & H Painting, Inc. v Flintlock Constr. Servs., LLC, 179 AD3d 1086, 1087; Yuxi Li v Caruso, 161 AD3d 1132, 1134; Gonzalez v Seejattan, 123 AD3d 762, 763). The defendant also established a potentially meritorious defense to the action. Thus, the court providently exercised its discretion in excusing the defendant's delay in serving an answer.
The defendant's remaining contention is without merit.
Accordingly, the Supreme Court properly denied the plaintiffs' motion, inter alia, for leave to enter a default judgment against the defendant and granted the defendant's cross motion to compel the plaintiffs to accept its late answer.
CHAMBERS, J.P., DUFFY, IANNACCI and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court