Howard v McDonald's Corp. (2024 NY Slip Op 51096(U))

[*1]

Howard v McDonald's Corp.

2024 NY Slip Op 51096(U)

Decided on August 25, 2024

Supreme Court, Kings County

Maslow, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on August 25, 2024
Supreme Court, Kings County

Denise Howard, Plaintiff,

against
McDonald's Corporation, PAUL GOODMAN, GOODMAN GROUP RESTAURANTS, INC., MCDONALD'S RESTAURANTS OF NEW YORK, INC., MCDONALD'S USA, LLC, and "ABC CORPORATION" (the aforesaid name being fictitious and its true name being unknown), HAVEMEYER FOOD CORP, WARMINSTER COMMERCE LLC, and BROADWAY HAVEMEYER COMPANY LLC, Defendants.

Index No. 513250/2024

Crystal Venning Law PLLC, Houston, TX (Crystal V. Venning of counsel), for plaintiff.
Garufi Law LLC, Carmel (Francis A. Garufi of counsel), for defendants.

Aaron D. Maslow, J.

The following numbered papers were used on these motions:
Submitted by Plaintiff
NYSCEF Doc Nos. 34-52, 58-59, 66-67, 103-113, 122-127
Submitted by Defendants
NYSCEF Doc Nos. 81-102, 116-118
Upon the foregoing papers, having heard oral argument, and due deliberation having been had, the within motions are determined as follows.
This is an action by Plaintiff Denise Howard against various Defendants, alleging that Plaintiff sustained personal injuries on October 23, 2023, when she slipped or tripped on a liquid substance and fell at a McDonald's restaurant located at 267 Broadway, in Brooklyn, due to [*2]Defendants' negligence. Plaintiff claims that she sustained a concussion and serious and permanent injuries to her brain, head, neck, shoulders, and back.
Before the Court are two motions. Plaintiff has moved for a default judgment against Defendant Goodman Group Restaurants, Inc. and for the imposition of sanctions against Francis A. Garufi, Esq., who represents Defendants. In turn, Defendants cross-moved to compel Plaintiff to accept Defendant Goodman Group Restaurants, Inc.'s answer and to disqualify Crystal V. Venning, Esq. and her firm, Crystal Venning Law PLLC as counsel for Plaintiff due to violating Judiciary Law § 470.[FN1]
During oral argument, Defendants' counsel withdrew that branch of Defendants' motion seeking to disqualify Ms. Venning.
In support of Plaintiff's motion, it was asserted that Defendant Goodman Group Restaurants, Inc. is one of those who owned, operated, possessed, and managed the premises where Plaintiff's accident occurred. Goodman Group Restaurants, Inc. was served with the summons and complaint on May 16, 2024, through service on the secretary of state. Goodman Group Restaurants, Inc. initially did not answer, claimed Plaintiff. Rather, an answer was interposed on June 12, 2024 by another entity, Havemeyer Food Corp., "s/h/a Goodman Group Restaurants, Inc." Plaintiff contended that Havemeyer Food Corp. was an entity separate and distinct from Goodman Group Restaurants, Inc., that answering in the fashion that it did — "Havemeyer Food Corp. s/h/a Goodman Group Restaurants, Inc." — constituted a deliberate attempt by Goodman Group Restaurants, Inc. to avoid interposing an answer to the complaint, that the Court should enter a default judgment on liability against Goodman Group Restaurants, Inc. because it did not timely respond with its answer to the complaint, and that Mr. Garufi, as attorney for Goodman Group Restaurants, Inc., should be sanctioned for "malicious" conduct (NYSCEF Doc No. 36 ¶¶ 23, 26).[FN2]

Further relevant facts are as follows. A separate answer by Goodman Group Restaurants, Inc. (not in the "s/h/a" format) was served on June 25, 2024. Meanwhile, however, on June 21, 2024, Plaintiff served an amended answer, for the purpose of adding additional defendants, including Havemeyer Food Corp. Goodman Group Restaurants, Inc. served its answer to the amended complaint on July 5, 2024.
Noting that Mr. Garufi, as attorney for Goodman Group Restaurants, Inc. in other lawsuits commenced by plaintiffs injured at local McDonald's restaurants, had interposed answers in a similar manner — answering by other corporations "s/h/a Goodman Group Restaurants, Inc." — Plaintiff contended that "Garufi's conduct appears malicious. The lack of a legally operative response from Garufi, and the absence of an answer for Goodman, coupled with the questionable filings for Goodman affiliates, severely undermine[ ] the integrity of the judicial proceedings and potentially deprive[ ] the plaintiff of a just resolution." (Id. ¶ 23) Plaintiff argued that Goodman Group Restaurants, Inc. has higher insurance coverage than these other entities who are answering the plaintiffs' complaints in a "sued here as" manner, and that Mr. Garufi's conduct was "unreasonable and vexatious," adjectives used by Ms. Venning at oral argument.
In defense of Goodman Group Restaurants, Inc. and himself, Mr. Garufi asserted that Goodman Group Restaurants, Inc. answered timely when it interposed the "s/h/a" answer and that he actually was helpful in answering the way he did because this identified for Plaintiff the actual corporation which managed the particular restaurant where Plaintiff fell. "I provided that appropriate operating entity as a courtesy to the plaintiff's counsel as I have done many times in the past in other cases" (NYSCEF Doc No. 82 ¶ 10), affirmed Mr. Garufi. "Havemeyer Food Corp. was the franchisee that operated the McDonald's restaurant in question on the date of the alleged accident" (id. ¶ 13). Further, in an attempt to amicably resolve this procedural issue, Mr. Garufi served another answer, this timely solely on behalf of Goodman Group Restaurants, Inc. (on June 25, 2024). Moreover, once an amended complaint was served, this too was answered.
In terms of the manner in which the original complaint was initially answered on May 16, 2024, by "Havemeyer Food Corp. s/h/a Goodman Group Restaurants, Inc.," this Court finds that no unreasonableness, vexatiousness, or maliciousness (Plaintiff's terms) was engaged in by Goodman Group Restaurants, Inc. or Mr. Garufi. This was a sincere effort by Mr. Garufi to interpose a proper answer and, if anything, it provided the name of another suable entity to Plaintiff. 
Mr. Garufi's conduct here does not even come close to frivolous conduct proscribed in 22 NYCRR 130-1.1 (c):
[C]onduct is frivolous if:
(1) it is completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law;
(2) it is undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another; or
(3) it asserts material factual statements that are false.
Nothing Mr. Garufi did was without merit, undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another, or to assert material factual statements that are false. The personal accusations made against Mr. Garufi were unwarranted.
While Plaintiff had a right to move for a default judgment on June 19, 2024, inasmuch as its original complaint had not yet been superseded — Plaintiff served it on June 21, 2024 — moving for sanctions was uncalled for and itself might be deemed frivolous. Indeed, the Court takes cognizance of that provision of 22 NYCRR 130-1.1 (c) which provides, "Frivolous conduct shall include the making of a frivolous motion for costs or sanctions under this section." "However, the Court will not impose sanctions for this occurrence, but instead puts the Plaintiff on notice that sanctions will be imposed if there is a frivolous motion for sanctions in the future" (Dashnaw v Shiflett, 5 Misc 3d 1025[A], 2004 NY Slip Op 51540[U], *2 [City Court, Clinton County 2004]).
As for timeliness of the answer to the original complaint, the Court notes that if a summons is served on the secretary of state, an appearance by a defendant "shall be made within thirty days after service is complete" (CPLR 320). Service is complete when the secretary of state receives the summons (see Business Corporation Law § 306 [b] [1]). Therefore, when the complaint was served on May 16, 2024, the answer was due 30 days later, i.e., June 15, 2024, but for the fact that the latter date was a Saturday. The deadline moved to Monday, June 17, [*3]2024 (see General Construction Law § 25-a [FN3]
). Putting aside the fact that an amended complaint was served, the answer of Defendant Goodman Group Restaurants, Inc. on June 25, 2024 was only eight days late. Lateness of the separate answer by Goodman Group Restaurants, Inc., is found by this Court to be excusable, given that the original complaint was timely answered by Havemeyer Food Corp. s/h/a Goodman Group Restaurants, Inc. on June 12, 2024. The Court finds that there has been no prejudice to the opposing party, there has been no willfulness, and there is a strong public policy in favor of resolving cases on the merits (see Fried v Jacob Holding, Inc., 110 AD3d 56, 60 [2d Dept 2013]). An answer one day late was excused in Finkelstein v Sunshine (47 AD3d 882 [2d Dept 2008]), and so too should an eight-day lateness where there was already an answer served, albeit in an "s/h/a" capacity (see Arias v First Presbyt. Church in Jamaica, 97 AD3d 712 [2d Dept 2012] [two-month lateness]).
In essence, by answering "Havemeyer Food Corp. s/h/a Goodman Group Restaurants, Inc.," Plaintiff was placed on notice that Havemeyer Food Corp., not Goodman Group Restaurants, Inc., was responsible for any negligence. That constituted an assertion by Goodman Group Restaurants, Inc. of a meritorious defense.
In any event, the Court notes that on June 21, 2024, Plaintiff served an amended answer. This was shortly after the 30-day deadline for answering the original complaint expired on June 17, 2024. As has been held,
"When an amended complaint has been served, it super[s]edes the original complaint and becomes the only complaint in the case," and the defendants' "original answer has no effect and a new responsive pleading must be substituted for the original answer" (St. Lawrence Explosives Corp. v Law Bros. Contr. Corp., 170 AD2d 957, 957 [1991]). " 'Since an amended complaint supplants the original complaint, it would unduly prejudice a defendant if it were bound by an original answer when the original complaint has no legal effect' " (R&G Brenner Income Tax Consultants v Gilmartin, 166 AD3d 685, 688 [2018], quoting Mendrzycki v Cricchio, 58 AD3d 171, 175 [2008]).
(Seidler v Knopf, 186 AD3d 40 [2d Dept 2020].) Therefore, once the amended complaint was served on Defendant Goodman Group Restaurants, Inc. it no longer was required to answer the original complaint, which became a nullity. A new deadline of July 22, 2024 (July 21, the thirteenth day after June 21, 2024, was a Sunday) applied. Defendant Goodman Group Restaurants, Inc.'s answer to the amendment complaint was timely when served on July 5, 2024. The eight-day lateness in Defendant Goodman Group Restaurants, Inc.'s interposing an answer in its own name to the original complaint was rendered irrelevant.
Based on the foregoing, this Court finds that Plaintiff is not entitled to a default judgment on liability against Goodman Group Restaurants, Inc. and that Plaintiff must be compelled to accept Goodman Group Restaurants, Inc.'s answer served on June 25, 2024, which has now been replaced by the answer served on July 5, 2024 to the amended complaint. Further, Plaintiff is not entitled to sanctions against Francis A. Garufi, Esq.
Accordingly, IT IS HEREBY ORDERED as follows:
(1) Plaintiff's motion (Motion Seq. 1) seeking a default judgment against Defendant Goodman Group Restaurants, Inc. and for the imposition of sanctions against Francis A. Garufi, Esq., is DENIED.
(2) That branch of Defendants' cross-motion (Motion Seq. 2) seeking to compel Plaintiff to accept Defendant Goodman Group Restaurants, Inc.'s answer is GRANTED, and the Court accepts the withdrawal of that branch of the motion which had sought to disqualify Crystal V. Venning, Esq. and Crystal Venning Law PLLC as counsel for Plaintiff.
E N T E R
___________________________
HON. AARON D. MASLOW

Footnotes

Footnote 1:. "This statute, first enacted in 1862, requires that nonresident attorneys maintain a physical office in New York in order to practice law here" (Arrowhead Capital Fin., Ltd. v Cheyne Specialty Fin. Fund L.P., 32 NY3d 645, 649 [2019]). Ms. Venning claimed that she maintained an office in Wappingers Walls, NY, which is in Dutchess County.

Footnote 2:. Plaintiff did not take issue with the answers of any other named Defendants.

Footnote 3:. General Construction Law § 25-a, which extends a deadline ending on a weekend or a holiday to the next business day, applies to the filing of legal papers (see People v Assi, 14 NY3d 335, 343 [2010]).