## U.S. Bank N.A. v Hernandez

2024 NY Slip Op 33418(U)

September 26, 2024

Supreme Court, Kings County

Docket Number: Index No. 510158/2023

Judge: Cenceria P. Edwards

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

At an IAS Term, Part FRP1 of the Supreme
Court of the State of New York, held in and
for the County of Kings, at the Courthouse,
at 360 Adams Street, Brooklyn, New York,
on the 10th day of January, 2024.

P R E S E N T:
HON. CENCERIA P. EDWARDS, CPA

Justice.

-----------------------------------------------------------------------X

U.S. Bank National Association,

Plaintiff(s),

-against-

Yvette Hernandez, Jose Martinez, et. al,

Defendant(s).

-----------------------------------------------------------------------X

**ORDER**

Calendar #(s):        11

Index #:        510158/2023

Mot. Seq. #(s):        1

The following e-filed papers read herein:                    NYSCEF Doc. Nos.:

Order to Show Cause, Affidavits (Affirmations) and Exhibits _____        ___63-69, 73, 74_____
Opposing Affidavits (Affirmations) and Exhibits _____        _____75-77_____
Reply Affidavits (Affirmations) and Exhibits _____        _____

This is an action to foreclose on the mortgage encumbering residential real property located at 96 Covert Street, Brooklyn, NY. Defendants/mortgagors, Yvette Hernandez, and Jose Martinez (collectively, "the Defendants") jointly move by Order to Show Cause ("OSC"), presenting arguments under CPLR §§ 3012 (d), 3211 (a)(8), 5015 and 317, for an Order, *inter alia*, compelling Plaintiff to accept their late answer or, alternatively, dismissing the Complaint or directing a traverse hearing.

Plaintiff commenced this action on April 4, 2023, via summons and complaint. In opposition to the Defendants' motion, Plaintiff argues that they are both in default in answering or appearing because an answer was due from Mr. Martinez on May 29, 2023, and from Ms. Hernandez on June 19, 2023 (*see* NYSCEF Doc. #75, ¶¶ 8-10) and they were properly served.

[* 1]

On September 8, 2023, the Defendants, by their attorney Stanislav Gomberg, Esq., e-filed a joint answer to the complaint, setting forth many affirmative defenses, including lack of personal jurisdiction (*see* NYSCEF Doc. #60). On September 12, 2023, Plaintiff rejected their answers as untimely (*see* NYSCEF Doc. #61). The Defendants filed a Request for Judicial Intervention (RJI) on October 16, 2023, and this OSC (*see* NYSCEF Doc. #s 63-71) seeking, foremost, an Order compelling Plaintiff to accept their late answer (*see* NYSCEF Doc. #64, ¶3). The Defendants' joint answer was e-filed and served on September 8, 2023, slightly more than three months late as to Mr. Martinez, and approximately two-and-a-half months late as to Ms. Hernandez.

CPLR 3012 [d]) provides that, "upon the application of a party, the court may extend the time to appear or plead, or compel the acceptance of a pleading untimely served, upon such terms as may be just and upon a showing of a reasonable excuse for the delay or the default."

Courts have determined when a defendant seeks leave to file a late answer the defendant must provide a reasonable excuse for the delay and a potentially meritorious defense. In determining Defendants' request to compel Plaintiff's acceptance of its late answer, this Court has discretion to determine whether Defendants' proffered excuse is reasonable and must consider the relevant factors in its determination: the length of the delay, plaintiff's prejudice suffered, defendant's willfulness in failing to timely answer or appear and the strong public policy in favor of courts adjudicating cases on the merit in lieu of on default, *Hoffman v. 461 Arlington Props.,* 195 A.D.3d 1000, 1001[2021] and where the delay is brief the sufficiency of the excuse is not as significant (*Pizzarotti, LLC v. CabGram Dev., LLC*, 219 A.D.3d 1352, 1353 [2023]).

Defendants' delay, ninety (90) days at most, in answering or appearing have regularly been deemed relatively short and, thus, excused, when the other criteria favor compelling acceptance of an untimely answer: (*see e.g., Yuxi Li v Caruso*, 161 AD3d 1132, 1134 [2d Dept 2018] [answer served "less than three months after the time period in which to answer had expired"]; *Gonzalez v Seejattan*, 123 AD3d 762, 763 [2d Dept 2014] ["short two-month delay in appearing or answering the complaint"]; *EHS Quickstops Corp. v GRJH, Inc.*, 112 AD3d 577,

2

[* 2]

578 [2d Dept 2013] ["Less than two months after the time to serve an answer had expired, the defendant appeared, requested an extension of time from the plaintiffs to serve an answer, and promptly moved to vacate its default after the answer was rejected"]).

The record is devoid of any evidence indicating the Defendants willfully defaulted in answering the complaint, nor has Plaintiff alleged, or shown that it was prejudiced by Defendant's three-month brief delay in answering or appearing. The record demonstrates the Defendants acted diligently in seeking to answer the complaint as they initiated moving the action forward, by filing the RJI on October 16, 2023, and the OSC herein within a few short weeks of Plaintiff's rejection of their late answer. In contrast, the record shows that Plaintiff never filed an RJI and did not move for leave to enter a default judgment until July 31, 2024, several months after Defendants filed this OSC. On these facts, the Court cannot find any willfulness on the part of the moving Defendants not to participate in the action, nor any prejudice suffered by Plaintiff due to Defendants' brief delay in answering. Also, Defendants' retention of a lawyer along with their prompt legal undertakings to participate in the action indicate they never intended to abandon their defenses. (*Settles v OneWest Bank, FSB,* 186 A.D.3d 1551 [2020]).

Based on the arguments presented and considering courts preference to resolve disputes on their merits and not on default, this Court finds that the record support that Defendants' delay in answering was brief, not willful- no bad faith shown, the Plaintiff has not suffered any prejudice, and Defendants proffered a potentially meritorious defense - personal jurisdiction over the Defendants was not properly acquired. (*Yongjie Xu v JJW Enterprises, Inc.*, 149 AD3d 1146, 1147 [2017].

While, Plaintiff asserts Defendants did not proffer a reasonable excuse, courts have determined the sufficiency of a Defendants' excuse is not so significant when the default is only a short time span, as determined herein. (*Pizzarotti, LLC v. CabGram Dev., LLC*, 219 A.D.3d 1352, 1353 [2023]). Moreover, the Court finds, contrary to Plaintiff's contention, that the Defendants proffered a reasonable excuse- they were not served with process, although not

3

[* 3]

necessary to the Courts' determination, since Defendant's ninety (90) day delay was brief, and the sufficiency of their reasonable excuse required is not as weighty.

Both Defendants deny they were served with process and present lengthy and reasonable arguments in their affidavits in support of this OSC; in opposition, Plaintiff vehemently argues service of process was properly effectuated and Defendants' affidavits further support Plaintiff's contention. Nevertheless, based on this Court's determination in favor of Defendants' request to submit a late answer it is needless to exert limited judicial resources and set the matter down for a traverse hearing for a determination similar to the outcome herein.

Given the totality of all the relevant factors examined along with a strong public policy favoring the resolution of cases on the merits, and for sufficient reason and in the interest of substantial of justice, Defendants request for leave to file and compel Plaintiff's acceptance of its late answer, is **GRANTED.**

Accordingly,

**It is ORDERED**

that Defendants' Verified Answer is deemed filed and served nunc pro tunc,

**IT IS FURTHER ORDERED**

that Plaintiff shall schedule a conference pursuant to CPLR 3408 with the Foreclosure Settlement Conference Part within 30 days of entry of this Order,

**The foregoing constitutes the Decision and Order of this Court.**

**E N T E R,**

**Dated**: September 26, 2024

_____

**Hon. Cenceria P. Edwards, JSC, CPA**

4