■ EDGAR ALONSO, Appellant, v LORIMIK REALTY CORPORATION et al., Respondents. [14 NYS3d 713]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Smith, J.), dated March 6, 2014, as denied his motion for leave to enter a default judgment against the defendants and granted those branches of the separate cross motions of the defendants which were to compel him to accept their answers.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

In light of the public policy favoring the resolution of cases on their merits, the Supreme Court may compel a plaintiff to accept an untimely answer (see CPLR 2004, 3012 [d]) where the record demonstrates that there was only a short delay in appearing or answering the complaint, that there was no willfulness on the part of the defendant, that there would be no prejudice to the plaintiff, and that a potentially meritorious defense exists (see *Gonzalez v Seejattan*, 123 AD3d 762, 763 [2014]; *Evans v Sandoval*, 121 AD3d 1037 [2014]; *Arteaga v Adom Rental Transp., Inc.*, 121 AD3d 931 [2014]; *EHS Quickstops Corp. v GRJH, Inc.*, 112 AD3d 577 [2013]; *Vellucci v Home Depot U.S.A., Inc.*, 102 AD3d 767 [2013]). Here, the record demonstrates that the defendants met these criteria.

Accordingly, the Supreme Court providently exercised its discretion in denying the plaintiff's motion for leave to enter a default judgment and in granting those branches of the defendants' separate cross motions which were to compel the plaintiff to accept their answers (see *Buchholz v A.L.A.C. Contr. Corp.*, 122 AD3d 660, 661 [2014]; *Klein v Yeshiva M'kor Chaim*, 116 AD3d 672 [2014]). Given this conclusion, the defendants' remaining contention has been rendered academic and need not be addressed. Mastro, J.P., Austin, Roman and Sgroi, JJ., concur.