**33**  VELMA SPENCE et al., Appellants, v IVAN DAVIS, Also Known as GEORGE DAVIS, Respondent. [31 NYS3d 539]—

In an action, inter alia, for an accounting and the partition and sale of real property, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Toussaint, J.), dated January 7, 2015, as denied their motion for leave to enter a default judgment against the defendant upon his failure to answer and granted that branch of the defendant's cross motion which was pursuant to CPLR 3012 (d) to compel them to accept his late answer.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The Supreme Court providently exercised its discretion in denying the plaintiffs' motion for leave to enter a default judgment against the defendant upon his failure to answer and granting that branch of the defendant's cross motion which was pursuant to CPLR 3012 (d) to compel the plaintiffs to accept his late answer (*see* CPLR 2004). Upon service of the plaintiffs' summons with notice, the defendant timely appeared and demanded a complaint. After the plaintiffs served a

complaint, the defendant's attorney contacted the plaintiffs' attorney by telephone and sought consent to serve a late answer. The plaintiffs' attorney advised that he would discuss the issue with his client and follow up with a response. The defendant's attorney did not receive a response before the plaintiffs moved for leave to enter a default judgment against the defendant upon his failure to answer. Thereafter, about 45 days after his time to serve an answer had expired, the defendant cross-moved, inter alia, to compel the plaintiffs to accept his late answer. The defendant acted diligently and never intended to abandon his defense (*see EHS Quickstops Corp. v GRJH, Inc.*, 112 AD3d 577 [2013]; *Vellucci v Home Depot U.S.A., Inc.*, 102 AD3d 767 [2013]). Furthermore, in light of the lack of prejudice to the plaintiffs resulting from the short delay in serving an answer, the lack of willfulness on the part of the defendant, the existence of a potentially meritorious defense (*see* CPLR 105 [u]), and the preference for resolution of cases on the merits, the plaintiffs' motion was properly denied and that branch of the defendant's cross motion which was to compel the plaintiffs to accept his late answer was properly granted (*see* CPLR 2004, 3012 [d]; *Alonso v Lorimik Realty Corp.*, 131 AD3d 496 [2015]; *Gonzalez v Seejattan*, 123 AD3d 762, 763 [2014]; *Evans v Sandoval*, 121 AD3d 1037 [2014]; *Arteaga v Adom Rental Transp., Inc.*, 121 AD3d 931, 932 [2014]). Leventhal, J.P., Dickerson, Cohen and Hinds-Radix, JJ., concur.