■ YONGJIE XU, Appellant, v JJW ENTERPRISES, INC., Respondent. [53 NYS3d 660]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (McDonald, J.), dated October 13, 2015, which denied his motion for leave to enter a default judgment against the defendant and granted the defendant's cross motion to compel the plaintiff to accept its late answer.

Ordered that the order is affirmed, with costs.

The plaintiff allegedly slipped and fell on a sidewalk adjacent to a building owned by the defendant, and subsequently commenced this action. On May 11, 2015, the defendant was served with the summons and complaint via the Secretary of State, and the defendant forwarded the summons and complaint to its insurance agent. After the summons and complaint were transferred among various insurance agencies and insurers, a claims examiner contacted the plaintiff and assigned counsel to represent the defendant.

On July 17, 2015, 37 days after the defendant's statutory deadline to answer had expired, its newly assigned counsel asked the plaintiff to stipulate to an extension of its time to answer. The plaintiff refused and moved pursuant to CPLR 3215 for leave to enter a default judgment against the defendant. The defendant opposed the motion and cross-moved to compel the plaintiff to accept its late answer. The Supreme Court denied the motion and granted the cross motion. The plaintiff appeals.

In light of the public policy favoring the resolution of cases on their merits, the Supreme Court may compel a plaintiff to accept an untimely answer (*see* CPLR 2004, 3012 [d]) where the record demonstrates that there was only a short delay in appearing or answering the complaint, that there was no willfulness on the part of the defendant, that there would be no prejudice to the plaintiff, and that a potentially meritorious defense exists (*see Spence v Davis*, 139 AD3d 703 [2016]; *Alonso v Lorimik Realty Corp.*, 131 AD3d 496 [2015]; *Mulder v Rockland Armor & Metal Corp.*, 140 AD2d 315, 316 [1988]). Here, the record demonstrates that the defendant met these criteria.

Accordingly, the Supreme Court providently exercised its discretion in denying the plaintiff's motion for leave to enter a default judgment and in granting the defendant's cross motion to compel the plaintiff to accept its late answer (*see Spence v Davis*, 139 AD3d at 704; *Alonso v Lorimik Realty Corp.*, 131 AD3d 496 [2015]; *Arteaga v Adom Rental Transp., Inc.*, 121

AD3d 931 [2014]). Chambers, J.P., Hall, Maltese and Brathwaite Nelson, JJ., concur.