In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Kings County (Vaughn, J.), entered January 29, 2015, which, upon an order of the same court dated October 15, 2012, denying the plaintiffs’ motion pursuant to CPLR 3215 for leave to enter a default judgment and granting the defendant’s cross motion pursuant to CPLR 2004 and 3012 (d) to compel the plaintiffs to accept his late answer, and upon a jury verdict in favor of the defendant on the issue of liability, is in favor of the defendant and against them dismissing the complaint.
 

 Ordered that the judgment is affirmed, with costs.
 

 On May 30, 2011, the infant plaintiff, Iyan Crosby, a pedestrian, and the defendant, Thierno H. Barry, a motorist, were involved in an accident on Lefferts Place in Brooklyn. Iyan’s father, Roger Crosby, commenced this action on March 13, 2012, on behalf of Iyan to recover damages for Iyan’s injuries, and on his own behalf to recover for loss of services. Roger Crosby subsequently died, and was replaced as plaintiff by his wife, Iyan’s mother, Glenna Crosby.
 

 On May 31, 2012, the plaintiffs moved pursuant to CPLR 3215 for leave to enter a default judgment on the ground that the defendant’s answer to the complaint was served approximately 42 days after the expiration of time to serve an answer. The defendant opposed the motion and cross-moved pursuant to CPLR 2004 and 3012 (d) to compel the plaintiffs to accept his late answer. In an order dated October 15, 2012, the Supreme Court denied the plaintiffs’ motion for leave to enter a default judgment and granted the defendant’s cross motion to compel the plaintiffs to accept his late answer.
 

 At the ensuing jury trial, the plaintiffs objected to certain comments made by the defendant’s attorney during his opening statement. The parties presented their respective cases and, after the jury was charged and sent to deliberate, the plaintiffs moved for a mistrial, raising the issue of defense counsel’s allegedly improper comments made during his opening statement. The Supreme Court denied the plaintiffs’ motion for a mistrial, and the jury subsequently returned a verdict finding that the defendant was not negligent. The court entered judgment in favor of the defendant and against the plaintiffs dismissing the complaint. The plaintiffs appeal.
 

 In light of the lack of prejudice to the plaintiffs resulting from the defendant’s short delay in appearing or answering the complaint, the lack of willfulness on the part of the defendant, the existence of potentially meritorious defenses, and the public policy favoring resolution of cases on the merits, the Supreme Court providently exercised its discretion in denying the plaintiffs’ motion pursuant to CPLR 3215 for leave to enter a default judgment against the defendant (see Yongjie Xu v JJW Enters., Inc., 149 AD3d 1146, 1147 [2017]; Spence v Davis, 139 AD3d 703, 703-704 [2016]). For the same reasons, the court providently exercised its discretion in granting the defendant’s cross motion pursuant to CPLR 2004 and 3012 (d) to compel the plaintiffs to accept his late answer (see Spence v Davis, 139 AD3d at 703-704).
 

 The plaintiffs’ challenge to comments made by defense counsel in his opening statement is unpreserved for appellate review, since the plaintiffs failed to seek curative instructions or immediately move for a mistrial (see Lagos v Fucale, 139 AD3d 908 [2016]; Jean-Louis v City of New York, 86 AD3d 628, 629 [2011]), and waited until the jury was deliberating to request relief in the form of a mistrial (see Frederic v City of New York, 117 AD3d 899, 900 [2014]).
 

 Balkin, J.P., Maltese, Barros and Connolly, JJ., concur.