Stavola v Bodd (2018 NY Slip Op 05617)





Stavola v Bodd


2018 NY Slip Op 05617


Decided on August 1, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 1, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SANDRA L. SGROI
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON, JJ.


2016-11104
 (Index No. 100953/15)

[*1]Doreen Stavola, appellant, 
v
Alexander C. Bodd, respondent.


Howard M. File, Esq., P.C., Staten Island, NY (Martin Rubenstein of counsel), for appellant.
Karen L. Lawrence (Sweetbaum & Sweetbaum, Lake Success, NY [Marshall D. Sweetbaum and Joel A. Sweetbaum of counsel], for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Richmond County (Kim Dollard, J.), dated August 2, 2016. The order, insofar as appealed from, denied the plaintiff's motion for leave to enter a default judgment against the defendant on the issue of liability and granted that branch of the defendant's cross motion which was to compel the plaintiff to accept his late answer.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On July 28, 2015, the plaintiff commenced this action to recover damages for personal injuries she allegedly sustained when she fell down a stairway leading to the basement of premises owned by the defendant. According to an affidavit of service, the defendant was served with the summons and complaint on September 1, 2015, when it was delivered to a person of suitable age and discretion at his residence. The affidavit of service also provided that the summons and complaint were mailed to the defendant's residence on September 2, 2015. On or about March 3, 2016, the defendant served a late answer, which the plaintiff rejected as untimely. The plaintiff subsequently moved pursuant to CPLR 3215(f) for leave to enter a default judgment against the defendant on the issue of liability. The defendant opposed the motion and cross-moved, inter alia, pursuant to CPLR 3012(d) to compel the plaintiff to accept his late answer. The defendant argued that he was not properly served, that his delay in answering the complaint was brief, that he had a potentially meritorious defense, and that the case should proceed on the merits. The Supreme Court denied the plaintiff's motion and granted that branch of the defendant's cross motion which was to compel the plaintiff to accept the late answer. The plaintiff appeals.
Under the circumstances of this case, the Supreme Court providently exercised its discretion in denying the plaintiff's motion for leave to enter a default judgment against the defendant on the issue of liability and in granting that branch of the defendant's cross motion which was to compel the plaintiff to accept his late answer (see Yongjie Xu v JJW Enters., Inc., 149 AD3d 1146; Arteaga v Adom Rental Transp., Inc., 121 AD3d 931; Schmidt v City of New York, 50 AD3d 664).
DILLON, J.P., SGROI, MILLER and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court