Moorer v County of Nassau (2019 NY Slip Op 06600)





Moorer v County of Nassau


2019 NY Slip Op 06600


Decided on September 18, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 18, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
SHERI S. ROMAN
FRANCESCA E. CONNOLLY, JJ.


2018-10413
 (Index No. 1595/17)

[*1]Charles Deron Moorer, respondent,
v
County of Nassau, appellant.


Jared A. Kasschau, County Attorney, Mineola, NY (Christi M. Kunzig and Robert F. Van der Waag of counsel), for appellant.
Charles Deron Moorer, Hempstead, NY, respondent pro se.



DECISION & ORDER
In an action to recover damages for false arrest and malicious prosecution, the defendant appeals from an order of the Supreme Court, Nassau County (Denise L. Sher, J.), entered June 25, 2018. The order, insofar as appealed from, denied the defendant's motion to vacate its default in answering the complaint.
ORDERED that the order is reversed insofar as appealed from, on the facts and in the exercise of discretion, without costs or disbursements, the defendant's motion to vacate its default in answering the complaint is granted, and the answer is deemed served, on condition that the defendant pay the plaintiff the sum of $250 within 30 days of service upon the defendant of a copy of this decision and order; in the event that the condition is not complied with, then the order is affirmed insofar as appealed from, with costs.
The defendant's initial default in answering the complaint in this action was vacated by the Supreme Court in an order which directed the defendant to serve the answer on the plaintiff "by personal service." The defendant mailed the answer to the plaintiff, who rejected it, on the ground that it was not served on him by personal service as directed by the court, and moved for a second time for leave to enter a default judgment. The court granted the plaintiff's motion, and set the matter down for an inquest.
Almost two months later, just days before the scheduled inquest, the defendant moved by order to show cause to vacate its default, and obtained a stay of the inquest. In the order appealed from, the Supreme Court, inter alia, denied the defendant's motion to vacate its default, finding that it had not demonstrated that it had a reasonable excuse for the default. The defendant appeals.
"A defendant who has failed to timely answer a complaint must provide a reasonable excuse for the delay and demonstrate a potentially meritorious defense to the action" (Citimortgage, Inc. v Kowalski, 130 AD3d 558, 558; see U.S. Bank N.A. v Barr, 139 AD3d 937). "Whether there is a reasonable excuse for a default is a discretionary, sui generis determination to be made by the court based on all relevant factors, including the extent of the delay, whether there has been prejudice to the opposing party, whether there has been willfulness, and the strong public policy in favor of [*2]resolving cases on the merits" (Harcztark v Drive Variety, Inc., 21 AD3d 876, 876-877). "The determination of what constitutes a reasonable excuse lies within the sound discretion of the Supreme Court" (Deutsche Bank Trust Co. Ams. v Marous, 127 AD3d 1012, 1012).
The Supreme Court improvidently exercised its discretion in determining that the defendant did not have a reasonable excuse for the default. The defendant misapprehended the direction in the court's order directing it to serve the answer on the plaintiff "by personal service," and it is clear that the mistake was not willful, in bad faith, or made with the intent to abandon the defense of the action (see Ahmad v Aniolowiski, 28 AD3d 692, 693). Additionally, the defendant established that it has a potentially meritorious defense to the action (see General Municipal Law § 50-i[1]]; Shapiro v Chawla, 55 AD3d 898, 899).
Therefore, and in light of the public policy favoring the resolution of cases on their merits (see Crosby v Barry, 155 AD3d 684, 685), we grant the defendant's motion to vacate the default and deem the answer served. However, in light of the defendant's unexplained delay in seeking to vacate its second default in the action until only days before the scheduled inquest, the defendant is directed to pay the plaintiff the sum of $250 as a condition of vacating the default (see Swidler v World-Wide Volkswagen Corp., 85 AD2d 239).
BALKIN, J.P., LEVENTHAL, ROMAN and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court