Gambino v Deutsche Bank Natl. Trust Co. (2020 NY Slip Op 01478)





Gambino v Deutsche Bank Natl. Trust Co.


2020 NY Slip Op 01478


Decided on March 4, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 4, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
JOHN M. LEVENTHAL
JOSEPH J. MALTESE, JJ.


2018-00455
 (Index No. 152099/17)

[*1]Joanne Gambino, appellant, 
v
Deutsche Bank National Trust Company, etc., respondent.


Howard M. File, Esq., P.C., Staten Island, NY, for appellant.
Houser LLP, New York, NY (Kathleen M. Massimo of counsel), for respondent.



DECISION & ORDER
In an action pursuant to RPAPL 1501(4) to cancel and discharge of record a mortgage, the plaintiff appeals from an order of the Supreme Court, Richmond County (Alan C. Marin, J.), dated December 14, 2017. The order, insofar as appealed from, denied the plaintiff's motion for leave to enter a default judgment against the defendant upon its failure to appear or answer the complaint and granted that branch of the defendant's cross motion which was to compel the plaintiff to accept a late answer.
ORDERED that the order is affirmed insofar as appealed from, with costs.
Many of the underlying facts are set forth in this Court's decision and order on a related appeal (see Deutsche Bank Natl. Trust Co. v Gambino, _____ AD3d _____ [decided herewith]).
In September 2017, the plaintiff commenced this action pursuant to RPAPL 1501(4) to cancel and discharge of record the subject mortgage. On October 2, 2017, the plaintiff served the defendant with the summons and complaint. The defendant failed to timely interpose an answer to the complaint. On November 14, 2017, the plaintiff moved for leave to enter a default judgment against the defendant upon its failure to timely appear or answer. On December 8, 2017, the defendant cross-moved, inter alia, pursuant to CPLR 2004, 2005, and 3012(d) to compel the plaintiff to accept a late answer. In an order dated December 14, 2017, the Supreme Court, among other things, denied the plaintiff's motion and granted that branch of the defendant's cross motion which was to compel the plaintiff to accept a late answer. The plaintiff appeals.
A defendant seeking to vacate a default in answering a complaint and to compel the plaintiff to accept an untimely answer pursuant to CPLR 3012(d) must provide a reasonable excuse for the default and demonstrate a potentially meritorious defense (see Government Employees Ins. Co. v Avenue C Med., P.C., 166 AD3d 857, 859; US Bank N.A. v Dedomenico, 162 AD3d 962, 964). The determination of what constitutes a reasonable excuse lies within the sound discretion of the trial court, and in exercising that discretion, the court may accept law office failure as an excuse (see CPLR 2005; Mollica v Ruzza, 151 AD3d 714, 714; Brinson v Pod, 129 AD3d 1005, 1009). Here, the defendant demonstrated a reasonable excuse based upon law office failure (see Lyubomirsky v Lubov Arulin, PLLC, 125 AD3d 614, 615; Rocco v Family Foot Ctr., 94 AD3d 1077, 1079). The [*2]defendant also demonstrated the existence of a potentially meritorious defense to the cancellation and discharge of the mortgage on the ground that the statute of limitations had not run (see RPAPL 1501[4]; Stewart Tit. Ins. Co. v Bank of NY Mellon, 154 AD3d 656, 661).
Consequently, in light of the evidence that the defendant's delay was not willful, the lack of prejudice to the plaintiff resulting from the defendant's short delay in appearing and seeking to answer the complaint, the existence of a potentially meritorious defense, and the strong public policy favoring the resolution of cases on the merits, the Supreme Court providently exercised its discretion in denying the plaintiff's motion for leave to enter a default judgment (see CPLR 3215[f]) and granting that branch of the defendant's motion which was to compel the plaintiff to accept its late answer (see CPLR 2004, 3012[d]; Government Employees Ins. Co. v Avenue C Med., P.C., 166 AD3d at 859; Yongjie Xu v JJW Enters., Inc., 149 AD3d 1146, 1147).
SCHEINKMAN, P.J., MASTRO, LEVENTHAL and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court