Moonachi, Inc. v U.S. Bank Trust, N.A. (2023 NY Slip Op 00858)

Moonachi, Inc. v U.S. Bank Trust, N.A.

2023 NY Slip Op 00858

Decided on February 15, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 15, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
FRANCESCA E. CONNOLLY
JOSEPH A. ZAYAS
LILLIAN WAN, JJ.

2020-01495
 (Index No. 508734/18)

[*1]Moonachi, Inc., appellant, 
v
U.S. Bank Trust, N.A., etc., respondent.

Biolsi Law Group, P.C., New York, NY (Steven Alexander Biolsi of counsel), for appellant.
Perkins Coie LLP, New York, NY (Robert T. Yusko of counsel), for respondent.

DECISION & ORDER
In an action pursuant to RPAPL 1501(4) to cancel and discharge of record a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated December 24, 2019. The order, insofar as appealed from, granted those branches of the defendant's motion which were pursuant to CPLR 317 to vacate a decision of the same court dated November 27, 2018, and pursuant to CPLR 3012(d) to compel the plaintiff to accept an untimely answer, and denied, as academic, that branch of the defendant's motion which was pursuant to CPLR 5015(a) to vacate the decision.
ORDERED that the appeal from so much of the order as denied, as academic, that branch of the defendant's motion which was pursuant to CPLR 5015(a) to vacate the decision is dismissed, as the plaintiff is not aggrieved by that portion of the order (see id. § 5511; Daviotis v Kappa Servs. Corp., 161 AD3d 722, 722); and it is further,
ORDERED that the appeal from so much of the order as granted that branch of the defendant's motion which was pursuant to CPLR 317 to vacate the decision is dismissed, as no appeal lies from an order granting a motion to vacate a decision (see Richlew Real Estate Venture v Grant, 131 AD3d 1223, 1223-1224); and it is further,
ORDERED that the order is reversed insofar as reviewed, on the law, and that branch of the defendant's motion which was pursuant to CPLR 3012(d) to compel the plaintiff to accept an untimely answer is denied; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
A defendant who has failed to timely answer a complaint and seeks to compel the plaintiff to accept an untimely answer must provide a reasonable excuse for the delay in answering and demonstrate a potentially meritorious defense to the action (see Nationstar Mtge., LLC v Farrell, 172 AD3d 1077, 1077; TCIF REO GCM, LLC v Walker, 139 AD3d 704, 705). Here, neither the defendant nor its predecessor in interest provided a reasonable excuse for failing to timely serve an answer (see Nationstar Mtge., LLC v Wright, 175 AD3d 1415, 1416; U.S. Bank N.A. v Hasan, 126 AD3d 683, 684). Under such circumstances, it is unnecessary to consider whether the defendant [*2]demonstrated a potentially meritorious defense to the action (see TCIF REO GCM, LLC v Walker, 139 AD3d at 705; U.S. Bank N.A. v Hasan, 126 AD3d at 684). Accordingly, the Supreme Court should have denied that branch of the defendant's motion which was pursuant to CPLR 3012(d) to compel the plaintiff to accept an untimely answer.
DUFFY, J.P., CONNOLLY, ZAYAS and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court