Bansi v Nugacon Bldg. Servs., LLC (2023 NY Slip Op 03900)

Bansi v Nugacon Bldg. Servs., LLC

2023 NY Slip Op 03900

Decided on July 26, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 26, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
CHERYL E. CHAMBERS
DEBORAH A. DOWLING
BARRY E. WARHIT, JJ.

2022-04785
 (Index No. 726638/21)

[*1]Kailass Bansi, appellant, 
v
Nugacon Building Services, LLC, respondent.

Diana Rubin, Manhasset, NY, for appellant.
Emanuele L. Pepe, Bronx, NY, for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Queens County (Allan B. Weiss, J.), entered June 14, 2022. The order, insofar as appealed from, denied the plaintiff's motion pursuant to CPLR 3215 for leave to enter a default judgment against the defendant, granted that branch of the defendant's cross-motion which was pursuant to CPLR 2004 and 3012(d) to compel the plaintiff to accept its late answer, and denied the plaintiff's cross-motion pursuant to 22 NYCRR 130-1.1 to impose sanctions against the defendant and its counsel.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff entered into an agreement with the defendant to perform certain construction work at the plaintiff's property. In December 2021, the plaintiff commenced this action, inter alia, to recover damages for breach of contract. In February 2022, the plaintiff moved pursuant to CPLR 3215 for leave to enter a default judgment against the defendant based on its failure to timely appear or answer the complaint. The defendant opposed the motion and cross-moved, among other things, pursuant to CPLR 2004 and 3012(d) to compel the plaintiff to accept its late answer. The plaintiff subsequently cross-moved pursuant to 22 NYCRR 130-1.1 to impose sanctions against the defendant and its counsel. By order entered June 14, 2022, the Supreme Court, inter alia, denied the plaintiff's motion for leave to enter a default judgment against the defendant, granted that branch of the defendant's cross-motion which was to compel the plaintiff to accept its late answer, and denied the plaintiff's cross-motion to impose sanctions. The plaintiff appeals.
"In light of the public policy favoring the resolution of cases on their merits, the Supreme Court may compel a plaintiff to accept an untimely answer (see CPLR 2004, 3012[d]) where the record demonstrates that there was only a short delay in appearing or answering the complaint, that there was no willfulness on the part of the defendant, that there would be no prejudice to the plaintiff, and that a potentially meritorious defense exists" (Yongjie Xu v JJW Enters., Inc., 149 AD3d 1146, 1147; see Alonso v Lorimik Realty Corp., 131 AD3d 496). Here, the record reflects that there would be no prejudice to the plaintiff resulting from the defendant's short delay in appearing and seeking to serve an answer to the complaint, and that there was no willfulness on the part of the defendant. Additionally, the plaintiff does not contend that the defendant failed to demonstrate a potentially meritorious defense to the action. Under the circumstances, and given [*2]the public policy favoring the resolution of cases on their merits, the Supreme Court providently exercised its discretion in denying the plaintiff's motion for leave to enter a default judgment against the defendant, and granting that branch of the defendant's cross-motion which was to compel the plaintiff to accept its late answer (see Yongjie Xu v JJW Enters., Inc., 149 AD3d at 1147; Alonso v Lorimik Realty Corp., 131 AD3d 496; Chakmakian v Maroney, 78 AD3d 1103, 1104; see also P & H Painting, Inc. v Flintlock Constr. Servs., LLC, 179 AD3d 1086, 1087).
The Supreme Court also providently exercised its discretion in denying the plaintiff's cross-motion pursuant to 22 NYCRR 130-1.1 to impose sanctions against the defendant and its counsel, as the plaintiff failed to establish that the defendant engaged in frivolous conduct within the meaning of 22 NYCRR 130-1.1 (see id. § 130-1.1[c]).
BRATHWAITE NELSON, J.P., CHAMBERS, DOWLING and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court