## HSBC Bank USA, N.A. v Kleyman

### 2024 NY Slip Op 30937(U)

### March 19, 2024

### Supreme Court, Kings County

### Docket Number: Index No. 524203/2019

### Judge: Cenceria P. Edwards

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

At an IAS Term, Part FRP1 of the Supreme Court of the State of New York, held in and for the County of Kings, at the Courthouse, at 360 Adams Street, Brooklyn, New York, on the 5th day of July, 2022.

**P R E S E N T**:

HON. CENCERIA P. EDWARDS, CPA
                              Justice

-----------------------------------------------------------------------X

HSBC BANK USA, N.A.,

                                        Plaintiff(s),

                    -against-

GALINA KLEYMAN; AMERICAN EXPRESS NATIONAL BANK; NEW YORK CITY DEPARTMENT OF FINANCE PARKING VIOLATIONS BUREAU, "JOHN DOE" AND "JOHN DOE" #1-10 SAID NAMES BEING FICTITIOUS, IT BEING THE INTENTION OF PLAINTIFF, TO DESIGNATE ANY AND ALL OCCUPANTS OR PREMISES BEING FORECLOSED HEREIN,

                                        Defendant(s).

-----------------------------------------------------------------------X

**ORDER**

Calendar #(s):          21

Index #:          524203/2019

Mot. Seq. #(s):          1

The following papers read herein:                    NYSCEF Doc. Nos.:

Notice of Motion, Affidavits (Affirmations) and Exhibits          22-34
Opposing Affidavits (Affirmations) and Exhibits                    40-45
Reply Affidavits (Affirmations) and Exhibits

Plaintiff HSBC Bank USA, N.A. ("Plaintiff"), commenced this foreclosure action by summons and complaint on November 5, 2019, against defendant Galina Kleyman ("Defendant") and others, to foreclose a mortgage encumbering residential real property located at 2263 Mill Avenue Brooklyn, New York.

Defendant in this instant motion, filed on or about February 17, 2020, seeks to vacate its default in answering the complaint and asserts it did not receive the summons and complaint in

[* 1]

time to answer (CPLR 317) and it has a reasonable excuse for failure to answer the complaint (CPLR 5015(a)(1)) along with a potentially meritorious defense, and Plaintiff lacks standing to commence and/or maintain this action.

According to Plaintiff's opposition papers it timely refused to accept Defendant's late answer (filed January 28, 2020) in its rejection letter (dated January 31, 2020) as Defendant's time to answer expired on January 21, 2020, and Plaintiff did not stipulate to extend the time to answer nor did the Court.

Generally, a defendant who seeks to vacate its default in answering a complaint must demonstrate either that there was no default (CPLR 5015(a)(4)) or provide a reasonable excuse for the default and a potentially meritorious defense to the action (CPLR 5015(a)(1) or establish they did not receive notice of the action in time to defend and a potentially meritorious defense to the action (CPLR 317). *Ng v. Asquared Group, Inc.,* 219 A.D.3d 1341, 1342 [2d Dept 2023]. However, the sufficiency of an excuse is not as significant where the default is only a short time span. *P & H Painting v Flintlock* 179 AD3d 1086 [2d Dept 2019].

The trial or hearing judge is afforded discretion in determining whether a litigant has proffered a reasonable excuse [CPLR 5015(a)(1)] or established a lack of notice [CPLR 317] or whether to vacate a default for sufficient reason and in the interest of substantial justice. *Woodson v. Mendon Leasing Corp.,* 100 N.Y.2d 62 [2003]. A court's inherent power to vacate a default, although discretionary, is limited and narrow in scope and should be resorted to only to relieve a party for "sufficient reason and in the interests of justice" "from judgments taken through fraud, mistake, inadvertence, surprise, or excusable neglect." *Wells Fargo v. Choo*, 159 AD3d 938, 742 [2d Dept 2018].

[* 2]

Specifically, the factors a judge is to consider in weighing a litigant's excusable default include whether the litigant's default was willful, lengthy delay, harm or prejudice caused to the opposing party along with the strong public policy in favor of resolving cases on their merit rather than default. *Lai v. Montes,* 182 AD3d 646, 648 [3d Dept 2020]. Where the delay in seeking to vacate a default pursuant to CPLR 5015(a)(1) is brief the "sufficiency" of an excuse is not as important. *Pizzarotti, LLC v. CabGram Dev., LLC*, 219 A3d 1352 [2d Dept 2023].

What constitutes a reasonable excuse lies within the sound discretion of the trial or hearing judge determining the motion. *Wade v. Cojab,* 219 AD3d 668, 669 [2d Dept 2023].

Herein, the Court finds Defendant's brief delay of seven (7) days, in answering the complaint as detailed in Plaintiff's opposition paper, *de minimis,* and Defendant's motion to vacate its default within 30 days of Plaintiff's rejection letter corroborates Defendant's delay was not willful. Specifically, Defendant's time to answer expired on January 21, 2020, Defendant served its answer on January 28, 2020, which Plaintiff rejected on January 31, 2020. Immediately thereafter, Defendant filed the instant Order to Show Cause to vacate its default in answering on February 17, 2020, with its affidavit in support dated February 12, 2020.

Additionally, this Court notes that Defendant proffered a reasonable excuse as she argued that she learned of the action for the first time on January 8, 2020, when the court notified her to appear at a court settlement conference. Subsequently, she retained a lawyer immediately with her lawyer serving an answer on January 28, 2020, seven (7) days after her time to answer expired.

Given the totality of all relevant factors, including Defendant's very short delay in answering the complaint, their delay not being willful, Plaintiff's failure to demonstrate it suffered any prejudice, Defendant's submission of a potentially meritorious defense (which the Plaintiff did not contest) along with a strong public policy favoring the resolution of cases on the merits,

[* 3]

and for sufficient reason and in the interest of substantial of justice, Defendant's request to vacate its default in answering, for leave to file and compel Plaintiff's acceptance of its late answer, is **GRANTED** (*see Bansi v. Nugacon Bldg. Servs.*, LLC, 218 A.D.3d 723 [2nd Dept 2023]; . CPLR 2004, 3012(d)).

Accordingly,

**It is ORDERED** that Defendant's Verified Answer is deemed filed and served nunc pro tunc.

**It is FURTHER ORDERED** that the parties shall appear before FRP1 room 756 on May 1, 2024, for a status conference.

The foregoing constitutes the Decision and Order of this Court.

**E N T E R:**

**Dated**: March 19, 2024

_____

**Hon. Cenceria P. Edwards, JSC, CPA**

[* 4]