## Nationstar Mtge., LLC v Retemiah

2024 NY Slip Op 31153(U)

April 5, 2024

Supreme Court, Kings County

Docket Number: Index No. 4843/10

Judge: Lawrence Knipel

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

At an IAS Term, Part FRP 3 of the Supreme
Court of the State of New York, held in and for
the County of Kings, at the Courthouse, at Civic
Center, Brooklyn, New York, on the ~~day of
November 2023.~~

April, 2024

PRESENT:

HON. LAWRENCE KNIPEL,

Justice.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

NATIONSTAR MORTGAGE, LLC,

Plaintiff,

- against -                                             Index No. 4843/10

PAUL RETEMIAH, JPMORGAN CHASE BANK HOME
EQUITY AND CONSUMER LENDING DIVISION,
JPMORGAN CHASE BANK SUCCESSOR BY MERGER
TO WASHINGTON MUTUAL BANK, 2364A
PROPERTIES CORPORATION, JOHN RETEMIAH,
NOREEN RETEMIAH, NYREE RETEMIAH,

Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

The following e-filed papers read herein:                    NYSCEF Doc Nos.

Notice of Motion/Order to Show Cause/
Petition/Cross Motion and
Affidavits (Affirmations)_____          58-91
Opposition Affidavits (Affirmations)_____          93-95

Upon the foregoing papers in this action to foreclose a mortgage on the property at

2364 Atlantic Avenue in Brooklyn (Block 1436, Lot 23-24) (Property), defendant 2364A

Properties Corporation (2364A Properties) moves (in motion sequence [mot. seq.] eight),

by order to show cause (OSC), for an order: (1) vacating the March 4, 2022 order of

reference and the June 15, 2023 judgment of foreclosure and sale entered on default in this

"time-barred action," pursuant to CPLR 317 and CPLR 5015 (a) (1) and/or CPLR 5015 (a)

[* 1]

(4); (2) granting it leave to file a late answer to the complaint, pursuant to CPLR 3012 (d), and then dismissing this action, pursuant to CPLR 3211 (a) (5); and (3) directing the Kings County Clerk to cancel the Notice of Pendency filed against the Property when this case was dismissed and 2364A Properties took title to the Property, pursuant to CPLR 6514 (a) or (b) (see NYSCEF Doc No. 91).[1]

## Background

On February 25, 2010, plaintiff Nationstar Mortgage, LLC (Nationstar) commenced this residential foreclosure action against the borrower, Paul Retemiah (Retemiah or Borrower Defendant), and others by filing a summons, a complaint and a notice of pendency against the Property. The complaint alleges that on or about August 31, 2006 Retemiah executed a $350,000.00 mortgage encumbering the Property and that he defaulted. On March 26, 2010, Retemiah answered the complaint and denied the allegations therein.[2] The parties participated in mandatory settlement conferencing.

On January 28, 2014, after this action laid dormant for years, this court held a status conference and issued a conditional order of dismissal (2014 Conditional Order of Dismissal) providing that "this action is dismissed pursuant to CPLR 3216 and the County Clerk is directed to cancel the Notice of Pendency unless Plaintiff files a note of issue or otherwise proceeds by motion for entry of judgment within 90 days from the date hereof."

---

[1] The court granted Defendant Owner a temporary restraining order (TRO) staying and enjoining plaintiff Nationstar Mortgage LLC (Nationstar) from auctioning or selling the Property pending the determination of this motion (id.).
[2] On January 23, 2015, Retemiah amended his answer to assert affirmative defenses.

2

[* 2]

Nationstar failed to proceed within 90 days, and thus, the action was administratively marked "dismissed."

On June 22, 2018, Nationstar moved, by order to show cause, to vacate the 2014 Conditional Order of Dismissal and to restore this action to the court's active calendar. Defendant Retemiah cross-moved to dismiss the complaint, pursuant to CPLR 3211 (a) (1) and (a) (5). By a December 27, 2018 decision and order, this court granted Nationstar's motion, restored the action to the active calendar and denied Retemiah's cross motion.

On January 11, 2019, two weeks after the action was restored to the calendar, Nationstar filed a successive notice of pendency against the Property.

Retemiah appealed from this court's December 27, 2018 decision and order. By a June 2, 2021 decision and order, the Appellate Division, Second Department, affirmed this court's December 27, 2018 decision and order and held that:

> "Here, the conditional order of dismissal, which, in effect, served as a 90-day notice pursuant to CPLR 3216, *was defective* in that it did not state that the plaintiff's failure to comply with the demand would serve as a basis for the Supreme Court, on its own motion, to dismiss the action for failure to prosecute (*see* CPLR 3216 [b] [3]; *Cadichon v Facelle*, 18 NY3d at 235-236; *HSBC Bank USA N.A. v Arias*, 187 AD3d at 1158; *Element E, LLC v Allyson Enters, Inc.*, 167 AD3d at 982). Further the record demonstrates that no such motion was ever made, *nor was there entry of an order of dismissal.*
>
> "Accordingly, *the action was not properly dismissed* pursuant to CPLR 3216 . . ." (NYSCEF Doc No. 2 at 2 [emphasis added]).

3

Meanwhile, between the expiration of Nationstar's February 25, 2010 notice of pendency on February 25, 2013, and Nationstar's filing of a new notice of pendency on January 11, 2019, Remetiah transferred the Property to 2364A Properties by a December 20, 2018 deed (December 2018 Deed), which was recorded on January 3, 2019.

On or about April 19, 2019, upon learning about Retemiah's Property transfer, Nationstar moved to amend the complaint to add 2364A Properties as a party defendant. By a June 26, 2019 decision and order, the court (Dear, J.) granted Nationstar's motion and directed that Nationstar shall serve 2364A Properties "in accordance with the CPLR." Nationstar's affidavit of service in the record reflects that it served 2364A Properties with the supplemental summons and the July 6, 2019 amended complaint by delivering two copies of them to the New York Secretary of State on July 25, 2019.

Defendant 2364A Properties failed to answer the amended complaint or otherwise appear in this action.

On April 7, 2021, Nationstar moved for summary judgment and an order of reference, which this court granted on default and without opposition on March 4, 2022 (NYSCEF Doc No. 7). On February 13, 2023, Nationstar moved to confirm the referee's report of amounts due and for a judgment of foreclosure and sale (NYSCEF Doc No. 15). This court granted Nationstar's motion and issued a June 15, 2023 order confirming the referee report and granting a judgment of foreclosure and sale (NYSCEF Doc No. 45). Thereafter, the referee issued a July 23, 2023 Notice of Sale advising that the Property would be sold at public auction on October 26, 2023 (NYSCEF Doc No. 47).

-4-

[* 4]

*Defendant 2364A Properties' Instant Motion*

On October 24, 2023, defendant 2364A Properties moved, by order to show cause, for an order: (1) staying the October 26, 2023 foreclosure auction;[3] (2) vacating the June 15, 2023 judgment of foreclosure and sale; (3) vacating the March 4, 2022 order of reference granted on default; (4) dismissing this foreclosure action as time-barred, pursuant to CPLR 3211 (a) (5); and (5) canceling the notice of pendency filed against the Property "because this case was dismissed and not pending at the time Defendant [2364A Properties] took title to the Subject Real Property" (NYSCEF Doc No. 60 at ¶ 2).

Defense counsel asserts that "[t]here can be no dispute: **Plaintiff never properly served orders or motions upon Defendant thereby rendering the court powerless and ineffective**" because the papers were "improperly mailed to the Secretary of State and never served upon Defendant" (*id.* at ¶¶ 4 and 5 [j]). Defense counsel explains that 2364A Properties "was not personally delivered a copy of the Summons and Complaint and did not know of this action in time to defend itself because process, if sent from the secretary of state . . ." went to the wrong address because 2364A Properties "was *no longer operating at the address on file* with the secretary of state . . ." and there was "an *incomplete address on file* with the Secretary of State . . ." (*id.* at ¶¶ 15-16 [emphasis added]). Defense counsel argues that "[b]ecause Plaintiff never served any orders or judgment properly upon

---

[3] By an October 25, 2023 order, this court stayed the foreclosure auction scheduled for October 26, 2023 (NYSCEF Doc No. 98).

[* 5]

Defendant with notice of entry, Defendant is reasonably excused [from its default] as a matter of law pursuant to CPLR 317 and 5015 (a) (1) . . ." (*id.* at ¶ 6). Defense counsel further claims that the Judgment is invalid because "Defendant purchased the property at a time when there was no notice of pendency pending, and harm from the Judgment would be irreparable and prejudicial if enforced" (*id.* at ¶ 8).

2364A Properties submitted an affidavit from Pastor Vivian Grub (Pastor Grub), its Chief Executive Officer (CEO), who attests that its "reasonable excuse" for its appearance default is Nationstar's "negligent prosecution of this action" because she was unaware of the action in 2019 (NYSCEF Doc No. 61 at ¶¶ 17-18). Pastor Grub asserts that "I understand this court may have incorrectly dismissed the action for a period of years; however, whether the court was wrong in dismissing the action [in the 2014 Conditional Order of Dismissal], it still issued a binding court order" with which Nationstar should have complied (*id.* at ¶ 15). Pastor Grub attests that "I understand that Plaintiff may have caused service of process upon the Defendant Corporation by service upon the Secretary Of State[,]" but "[o]n the date of service, July 25, 2019, the Defendant corporation was no longer operating at 1860 Eastern Parkway [in] Brooklyn . . ." and "I never had any clue that a mortgage company would attempt to sue my company after the case was dismissed" (*id.* at ¶¶ 21, 23, and 30).

6

[* 6]

*Nationstar's Opposition*

Nationstar, in opposition, submits an attorney affirmation arguing that 2364A Properties "was properly served with the Supplemental Summons and Amended Complaint for this action via the NYS Secretary of State's office and *it does not allege improper service of process or lack of personal jurisdiction . . .*" (NYSCEF Doc No. 93 at ¶ 3 [emphasis added]). Nationstar's counsel notes that Pastor Grub:

> "appears to admit that such service occurred, but claims that the mailing address that the Secretary of State's office has on file for Defendant (1860 Eastern Parkway, Brooklyn, New York) was allegedly no longer Defendant's mailing address when service occurred on July 25, 2019, though as of November 8, 2022, such remained Defendant's mailing address with the Secretary of State's office per the Entity Information exhibited to Defendant's Order to Show Cause . . . Pursuant to CPLR 320 and General Construction Law § 25-a, Defendant's time to answer expired on August 26, 2019, and it undisputedly defaulted in pleading" (*id.* at ¶¶ 13-14).

Counsel explains that after the Covid-19 pandemic moratoriums were lifted, Nationstar promptly moved for an order of reference in April 2021, which was granted on default (*id.* at ¶¶ 14-16). Nationstar proceeded to move for an order confirming the referee's report and a judgment of foreclosure and sale, which was granted without opposition on June 15, 2023 (*id.* at ¶¶ 20 and 21). Nationstar's counsel affirms that 2364A Properties was, in each instance, properly served at the address it had on file with the New York Secretary of State (*id.* at ¶¶ 16, 18 and 19). Counsel affirms that "[t]he foreclosure sale was immediately scheduled to be held on October 26, 2023 at 2:30pm, and the notice of sale was mailed to Defendant through the NYS Secretary of State's office" (*id.* at ¶ 22).

7

[* 7]

## Discussion

A party seeking to vacate a default in appearing pursuant to CPLR 5015 (a) (1) must demonstrate a reasonable excuse for the default and a potentially meritorious defense to the action" (*92-18 149th Street Realty Corp. v Stolzberg*, 152 AD3d 560, 562 [2017] [internal quotations omitted]). "Whether an excuse is reasonable is a determination within the sound discretion of the Supreme Court" (*Crevecoeur v Mattam*, 172 AD3d 813, 814 [2019], quoting *Walker v Mohammed*, 90 AD3d 1034, 1034 [2011]).

Similarly, pursuant to CPLR 3012 (d), "[i]n light of the public policy favoring the resolution of cases on their merits, the Supreme Court may compel a plaintiff to accept an untimely answer (*see* CPLR 2004, 3012 [d]) where the record demonstrates that there was only a short delay in appearing or answering the complaint, that there was no willfulness on the part of the defendant, that there would be no prejudice to the plaintiff, and that a potentially meritorious defense exists" (*Yongjie Xu v JJW Enterprises, Inc.*, 149 AD3d 1146, 1147 [2017]).

The Second Department has repeatedly held that the "unsubstantiated denial of receipt of the summons and complaint served through the Secretary of State did not amount to a reasonable excuse for the defendant's default" (*see Jing Shan Chen v R & K 51 Realty, Inc.*, 148 AD3d 689, 691 [2017]; *Town House St., LLC v New Fellowship Full Gospel Baptist Church, Inc.*, 29 AD3d 893, 894 [2006] [holding that "appellant's unsubstantiated denial of receipt of service of process did not amount to a reasonable excuse for its default"

8

and "is insufficient to rebut the presumption of proper service created by an affidavit of service"]).

Importantly, the Second Department has repeatedly held that "[i]f the appellant failed to actually receive a copy of the summons and complaint from the Secretary of State due to a change of address, [as is the case here] it was due to its own fault as it failed to keep the Secretary of State advised [of] its current address for the forwarding of process" (*Sussman v Jo-Sta Realty Corp.*, 99 AD3d 787, 788 [2012], quoting *Town House St., LLC v New Fellowship Full Gospel Baptist Church, Inc.*, 29 AD3d at 894; *see Castle v Avanti, Ltd.*, 86 AD3d 531, 531 [2011] [holding that "defendant's failure to keep a current address on file with the Secretary of State did not constitute a reasonable excuse for its failure to appear or answer the complaint"]).

Here, 2364A Properties failed to provide a reasonable excuse for its appearance default, especially since Pastor Grub admitted that 2364A Properties failed to keep a current address on file with the New York Secretary of State. Defendant 2364A Properties' conclusory denial of receiving a copy of the supplemental summons and amended complaint from the Secretary of State is insufficient to overcome the presumption of proper service established by Nationstar's affidavits of service in the record, as a matter of law. Nationstar's affidavit of service proves that Nationstar served 2364A Properties by delivering two copies of the amended pleadings to the New York Secretary of State on July 25, 2019 (*see* NYSCEF Doc Nos. 79 and 84).

9

[* 9]

Notably, while 2364A Properties moved by order to show cause on October 24, 2023, to stay the October 26, 2023 foreclosure sale, defense counsel's affirmation reflects that it was executed *nearly one year earlier* on November 08, 2022, as is the Department of State Division of Corporations Entity Information sheet submitted by 2364A Properties as Exhibit B in support of its "emergency" OSC (*see* NYSCEF Doc Nos. 60 at 17 and 63). This begs the question of when and how defendant 2364A Properties actually learned about this foreclosure action and why it waited nearly one year before moving to vacate its default(s) on the eve of the foreclosure auction, and more than four years after its appearance default in 2019. Since defendant 2364A Properties failed to provide a reasonable excuse for its appearance default and delay in moving to vacate it, the court need not determine whether defendant 2364A Properties demonstrated a potentially meritorious defense (*Nationstar Mortg., LLC v Farrell*, 172 AD3d 1077, 1078 [2019]). Accordingly, it is hereby

**ORDERED** that the branches of 2364A Properties' motion (in mot. seq. eight) seeking to vacate its appearance default, pursuant to 317, 5015 (a) (1) and/or 5015 (a) (4), and for leave to file a late answer to the amended complaint, pursuant to CPLR 3012 (d), are denied; the remaining branches of 2364A Properties' motion are denied as moot.

This constitutes the decision and order of the court.

ENTER,

J. S. C.

HON. LAWRENCE KNIPEL
ADMINISTRATIVE JUDGE

[* 10]