209 Barbey St. Trust v Scotland (2024 NY Slip Op 04938)

209 Barbey St. Trust v Scotland

2024 NY Slip Op 04938

Decided on October 9, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 9, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH J. MALTESE
LILLIAN WAN
LAURENCE L. LOVE, JJ.

2023-07224
 (Index No. 517949/19)

[*1]209 Barbey Street Trust, appellant, 
v
Izetta Anneka Scotland, defendant, 209 Barbey Street, LLC, respondent.

Richland & Falkowski, PLLC, Long Island City, NY (Michael Falkowski of counsel), for appellant.
Angelyn D. Johnson & Associates, LLC (Alter & Barbaro, Brooklyn, NY [Bernard M. Alter], of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, for specific performance of a contract for the sale of real property, the plaintiff appeals from an order of the Supreme Court, Kings County (Leon Ruchelsman, J.), dated June 29, 2023. The order, insofar as appealed from, in effect, granted that branch of the motion of the defendant 209 Barbey Street, LLC, which was pursuant to CPLR 3012(d) for leave to serve a late answer.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On June 25, 2019, the plaintiff entered into a contract with the defendant Izetta Anneka Scotland whereby Scotland agreed to sell to the plaintiff residential property located in Brooklyn (hereinafter the subject premises). Scotland thereafter allegedly refused to convey the subject premises to the plaintiff. The plaintiff commenced this action against Scotland seeking specific performance of the contract. By deed dated September 27, 2019, Scotland transferred the subject premises to the defendant 209 Barbey Street, LLC (hereinafter the defendant buyer).
The plaintiff then moved, inter alia, for leave to amend the complaint to add the defendant buyer as a defendant. By order dated March 26, 2021, the Supreme Court granted the plaintiff's motion. The plaintiff served the defendant buyer on May 10, 2021, by delivering a copy of the supplemental summons and amended complaint to the office of the Secretary of State. In July 2021, the defendant buyer moved, among other things, pursuant to CPLR 3012(d) for leave to serve a late answer. In an order dated June 29, 2023, the Supreme Court, inter alia, in effect, granted that branch of the motion. The plaintiff appeals.
A motion pursuant to CPLR 3012(d) to extend the time to answer a complaint requires the movant to demonstrate "both a reasonable excuse for its delay and a potentially meritorious defense to the claims to which it is responding" (Bank of N.Y. Mellon v Norton, 219 AD3d 680, 682-683; see Moonachi, Inc. v U.S. Bank Trust, N.A., 213 AD3d 838, 838-839).
"The determination of what constitutes a reasonable excuse lies within the sound [*2]discretion of the Supreme Court" (Citimortgage, Inc. v Kowalski, 130 AD3d 558, 558; see Goldstein v Ilaz, 206 AD3d 976, 976). "In making that discretionary determination, the court should consider relevant factors, such as the extent of the delay, prejudice or lack of prejudice to the opposing party, whether there has been willfulness, and the strong public policy in favor of resolving cases on the merits" (Moore v Day, 55 AD3d 803, 804; see Yongjie Xu v JJW Enters., Inc., 149 AD3d 1146, 1147).
Here, the record reflects that there was only a short delay in the defendant buyer answering the amended complaint, that there was no willfulness on the part of the defendant buyer, and that there would be no prejudice to the plaintiff (see Yongjie Xu v JJW Enters., Inc., 149 AD3d at 1147). Further, a potentially meritorious defense exists in that the defendant buyer may be a bona fide purchaser without notice of the plaintiff's claim, as the plaintiff failed to record its contract of sale (see Bello v Ouellette, 211 AD3d 784, 786; 139 Lefferts, LLC v Melendez, 156 AD3d 666, 667; Avila v Arsada Corp., 34 AD3d 609, 610). Under these circumstances, and given the public policy favoring the resolution of cases on their merits, the Supreme Court providently exercised its discretion in, in effect, granting that branch of the defendant buyer's motion which was pursuant to CPLR 3012(d) for leave to serve a late answer (see Bansi v Nugacon Bldg. Servs. LLC, 218 AD3d 723, 723-724).
The parties' remaining contentions are without merit.
BRATHWAITE NELSON, J.P., MALTESE, WAN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court